VILLAGE OF BEVERLY HILLS v. ERNEST S. SCHULTER, Doing Business as SCHULTER SERVICE STATION, Appellant.—130 S. W. (2d) 532.

Division One, July 7, 1939.

*Cobbs, Logan, Roos & Armstrong* for appellant.

*C. A. Peterson, A. J. Goodbar* and *Thos. P. Moore* for respondent.

BRADLEY, C.—This is an action to recover for license taxes on the sale of gasoline in the village of Beverly Hills, St. Louis County. The cause was submitted to the court on agreed statement of facts, and the finding and judgment for $510.76, including interest, were for plaintiff. Defendant appealed, and the appeal came to this court on the theory that the construction of the Federal and State Constitutions is involved.

Section 1 of Ordinance No. 13 provides: "No person, firm, or corporation shall engage in, carry on, or conduct the business of selling gasoline or motor fuel and/or transporting the same in barrels, tank wagons, or other containers having a capacity of more than five gallons and/or storing gasoline or other motor fuel in quantities in excess of ten gallons without first having obtained a license therefor from the village collector."

Section 2 sets out what an applicant has to do in order to obtain such license. Section 3 provides:

"Every person, firm or corporation that shall store gasoline or other motor fuel as defined in section 1 hereof, or shall be engaged in the business defined in section 1 hereof, shall pay the village collector a monthly license on the fifteenth day of each month for the preceding period of one month ending, respectively, on the last day of the preceding month, the amount of said monthly license to be determined at a sum equal to one half cent for every gallon of gasoline stored or sold by such person, firm or corporation during the preceding period of one month, and ending as aforesaid."

Section 4 relates to the keeping, by such dealer, of records, etc., and making monthly reports to the village collector, and the collector's duties. Other sections prescribe penalties.

From September 1, 1935, to July 1, 1936, defendant sold 97,226 gallons of gasoline, an average of 972.26 gallons per month. The license tax on these sales was $486.13, an average of $48.61 per month.

Defendant contends: (1) That under the statute (Sec. 7287, R. S. 1929, Mo. Stat. Ann., p. 5871, and Sec. 7097, R. S. 1929, Mo. Stat. Ann., p. 5796) Ordinaice 13 is not authorized; (2) that the ordinance violates Section 3, Article 10 of the Constitution which requires taxes to be uniform "upon the same class of subjects" of taxation; (3) that the ordinance violates Section 30, Article 2, Constitution of Missouri (due process), and the due process and equal protection provisions of the Fourteenth Amendment of the Constitution of the United States; and (4) that the ordinance is void because "the yeas and nays" were not entered on the journal when the ordinance was passed by the village board of trustees.

■ Plaintiff (respondent) makes the point that defendant's answer is not sufficient to raise these constitutional questions. The point is that the answer does not allege "how the sections (of the Constitution) are violated by the ordinance." In some cases, in order to raise a constitutional question, it is necessary to state in what way constitutional rights are transgressed (Village of Grandview v. McElroy et al., 318 Mo. 135, 298 S. W. 760), but such is apparent here, if defendant is correct respecting validity on constitutional grounds.

■ Section 7287 provides that "no municipal corporation in this State shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute." This section is applicable to plaintiff village. [Siemens v. Shreeve et al., 317 Mo. 736, 296 S. W. 415, l. c. 418, and cases there cited.]

Plaintiff village was organized under Article 9, Chapter 38, Revised Statutes 1929, Sections 7091 et seq. (Mo. Stat. Ann., pp. 5792 et seq.), relating to towns and villages. Section 7097 specifies what ordinances may be passed by the board of trustees of a town or village. Among other provisions, this section provides that the "board of trustees shall have power to pass by-laws and ordinances . . . to license, tax, and regulate merchants." The point is that defendant's business of selling gasoline is not *specifically* named in Section 7097.

Viquesney v. Kansas City et al., 305 Mo. 488, 266 S. W. 700, was to enjoin the enforcement of an ordinance requiring those selling gasoline to pay (quarterly) to "the license collector the sum of 1 cent for each gallon . . . so sold, transported or stored," etc. There, as here, it was contended that the business of selling gasoline was not *specifically* named as taxable in the city charter. In ruling the point the court said (305 Mo. l. c. 498, 266 S. W. l. c. 702):

"Appellant calls attention to Section 8702, Revised Statutes 1919 (now Sec. 7287), which provides that no municipal corporation shall

have the power to impose a license tax upon any business, avocation, etc., unless such business, avocation, etc., is specifically named as taxable in the charter of such municipality. Section 1, Article 3, Clause 4, of the Charter enumerates 'merchants' among others who may be taxed and regulated. The dictionary definition of 'merchant' is: 'One making a business of buying and selling commodities; a trafficker; a trader.' Secondary meaning: 'One who carries on a retail business.' The requirement of Section 8702 is sufficiently met by the term 'merchant.' " We rule the first assignment against defendant.

█ Is Ordinance No. 13 void because it violates Section 3, Article 10 of the Constitution? This provision reads: "Taxes may be levied and collected for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws."

The presumption is that the tax imposed by Ordinance No. 13 is uniform. [State ex rel. Crutcher v. Koeln, 332 Mo. 1229, 61 S. W. (2d) 750, 1. c. 754.] The agreed statement shows that the only business establishments in the village of Beverly Hills are a retail grocery store, a retail confectionery, and defendant's service station. It also appears in the agreed statement that, in addition to selling gasoline, defendant sells "oils, greases, and automobile accessories," and that defendant is the only one of the three merchants in the village upon whom "a license tax is being attempted to be imposed." However, it is the sale of gasoline only that is affected by the license tax ordinance involved. There is no claim that Ordiance No. 13 requires defendant to pay any license tax for the sale of oils, greases and automobile accessories.

A municipal corporation has power to divide a taxable class, that is, a class taxable under its charter, into subclasses and tax these subclasses differently. [Automobile Gasoline Co. v. City of St. Louis et al., 326 Mo. 435, 32 S. W. (2d) 281, 1. c. 286; City of St. Charles ex rel. Palmer v. Schulte, 305 Mo. 124, 264 S. W. 654.] "The constitutional requirement of uniformity, as applied to taxes on occupations, is satisfied when the burden imposed falls alike on all persons who are in substantially the same situation." [City of St. Charles ex rel. v. Schulte, supra, and cases cited (264 S. W. 1. c. 655); Ex parte Asotsky, 319 Mo. 810, 5 S. W. (2d) 22.] What is said on this subject in Kansas City v. Grush, 151 Mo. 128, 1. c. 135, 52 S. W. 286, is explained, we think, in the Automobile Gasoline Company case, supra (32 S. W. (2d) 1. c. 826).

It is our conclusion that Ordinance No. 13 does not violate Section 3, Article 10 of the Constitution which requires taxes to be uniform upon the same class of subjects of taxation.

█ Is Ordinance No. 13 void under the due process provision of our State Constitution, and under the due process and equal pro-

tection provisions of the Fourteenth Amendment of the Constitution of the United States?

It was held in Viquesney v. Kansas City et al., 305 Mo. 488, 266 S. W. 700, l. c. 702, cited, supra, that such a tax as here involved is "consistent with the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution," citing Bowman et al. v. Continental Oil Co., 256 U. S. 642, 41 Sup. Ct. 606, 65 L. Ed. 1139. We do not think that defendant has been denied due process or that he has been deprived of equal protection.

Defendant calls our attention to Scriven v. Lebanon, 99 Kan. 602, 62 Pac. 307, L. R. A. 1917C, 460, and says that it is "one case in point on almost identical facts." The population of Lebanon was 1000; the requisite annual revenue of the city was $1800. [The population of Beverly Hills is 570, and the requisite annual revenue is approximately $2000.] A Lebanon city ordinance required an annual occupation tax of $250 "on all places of business in Lebanon where 'cider,' 'near beer,' or '2 per cent' was kept for sale, sold, bartered, or given away." It was held that the ordinance was void because the tax was unreasonable and not within "the fair scope and intendment" of a statute requiring all city license taxes to "be just and reasonable," and not within the fair scope of a constitutional provision authorizing legislation to prohibit cities from abusing the power of taxation. Defendant, in the present case, does not challenge the validity of Ordinance No. 13 on the theory that the *power of taxation has been abused,* but on the ground that, under the facts, the plaintiff village *had no power to provide for any gallonage tax* on gasoline. However, we might say that we are not persuaded that Ordinance No. 13 is void because unreasonable.

■ Is Ordinance No. 13 void because the yeas and nays were not entered on the journal? Section 7133, Revised Statutes 1929 (Mo. Stat. Ann., p. 5812), in the chapter relating to towns and villages, reads:

"No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its passage a majority of all the members of the board of trustees vote therefor, *and the yeas and nays be entered upon the journal;* all bills shall be publicly read at a regular meeting of the board of trustees before the passage thereof, and all ordinances shall be in full force and effect from and after their passage, and being duly signed by the chairman of the board of trustees and attested by the village clerk." (Italics ours.)

Frank H. Mentz, Fred W. Offerjost, W. L. Schoening, John T. McGivern, and J. C. Meiners constituted the board of trustees of plaintiff village, and Mentz was chairman. Ordinance No. 13, with twelve other ordinances, was put upon its final reading and to vote at a meeting of the board held on November 7, 1933. The minutes of this meeting recite: "The meeting was called to order by chair-

man Frank Mentz at 8:30 P. M.; the clerk called the roll; all trustees being present with the exception of Mr. J. Meiners; minutes of the previous meeting were read and approved as read. Thereupon the following bills were given a second and final reading. . . . Bill No. 13, a bill entitled, and ordinance providing for the license and tax relating to the sale and/or transportation of gasoline and motor fuel and/or the storage thereof. Each of the above 13 bills . . . were presented for passage, voted upon, and passed unanimously by all of the trustees present. Each of said bills were thereupon signed by the chairman, Mr. Frank Mentz, and attested by the village clerk, Mr. W. J. Frey, thereby becoming ordinances No. 1 to 13 respectively.''

Section 7016, Revised Statutes 1929 (Mo. Stat. Ann., p. 5743, 4th class cities), among other things, provides that ''no bill shall become an ordinance unless on its final passage a majority of the members elected to the board of aldermen shall vote for it, and the ayes and nays entered on the journal.'' City of New Franklin ex rel. Lynch-McDonald Const. Co. v. Edwards (Mo. App.), 23 S. W. (2d) 235, was on a special tax bill for building a sewer. It was contended that the bill was void because the board of aldermen had not followed the statute (Sec. 7016) in passing ordinances leading to and resulting in the issue of the tax bill. Speaking of a particular vote, the court said (23 S. W. (2d) l. c. 237):

''The journal entry of November 4 recites that the ordinance then pending 'was read three times and carried by the following vote: Wilson, Yes; Bryan, Yes; Solomon, Yes.' There is no indication of any other affirmative or negative vote. The ayes and nays are not recorded. It may further be observed that it does not appear in evidence how many members constituted the board of aldermen. . . . The journal is the one indispensable record of birth and existence (of an ordinance). It is the book of life for all ordinances, and, unless their title to existence is clear in that book they must remain in limbo. Their lot is with the lost.'' The tax bill was held void.

It was held in Aurora Water Co. v. City of Aurora, 129 Mo. 540, 31 S. W. 946, that the requirement (under Sec. 7133), that the yeas and nays be entered on the journal, is mandatory. The court said (129 Mo. l. c. 577-8):

''Nor does it invalidate that ordinance because, as it is claimed, it was not read three times before its final passage. Section 1597, Revised Statutes 1889 (now Sec. 7133) provides: 'No ordinance shall be passed except by bill, and no bill shall become an ordinance, unless on its final passage a majority of the members elect shall vote therefor, and the yeas and nays entered on the journal; and all bills shall be read three times before their final passage.' It is to be observed that the above section does not declare a sentence of nullity against a bill which is not read three times before its final passage; such decla-

ration (of nullity) is altogether confined to the preceding clauses of the section, and does not apply to the last clause."

In speaking of the ayes and nays requirement of what is now Section 7016 (4th class cities) this court in State ex rel. Barkwell v. Trimble et al., 309 Mo. 546, 274 S. W. 683, l. c. 684 said: "By Section 8467 (now Sec. 7016) an ordinance is not an ordinance until the ayes and nays by which it is passed are entered upon the journal. A vote is not a vote *until so recorded."* (Italics ours.)

Steckert et al. v. City of East Saginaw et al., 22 Mich. 104, was to restrain the collection of a paving assessment, and the suit was based on the contention that the assessment was void because the ayes and noes, in voting on resolutions, were not entered on the journal. The journal showed the names of the 7 aldermen present (presumably a quorum), and respecting the resolutions, the journal recited that they were "adopted unanimously on call." It was held that such journal entry was not sufficient. Justice COOLEY, in considering a statute similar to our Section 7133, said: "What is designed by this statute is, to fix upon each member who takes part in the proceedings on these resolutions, the precise share of responsibility which he ought to bear, and that by such an unequivocal record that he shall never be able to deny either his participation or the character of his vote."

It is conceded, in the present case, that the yeas and nays were not entered on the journal when the vote was taken on Ordinance No. 13, but plaintiff contends, as was the contention in the Michigan case, that the journal entry is to the same effect, and is sufficient.

Plaintiff village cites Goodyear Rubber Co. v. City of Eureka, 135 Cal. 613. The journal entry in that case was: "Council Chambers, City of Eureka, Cal., Wednesday, July 5th, 1899. Regular adjourned meeting of the council held on above date. Present: Pres. of Council Buhne, presiding, and Councilmen Gibbard, Connick and Crane. Absent: Mayor Evans and Councilman Poland. Pres. of Council Buhne stated that the meeting was for approving the contract for 1,000 feet of Paragon hose. Councilman Gibbard moved that the contract entered into by the mayor of the city and W. F. Long for the Goodyear Rubber Co. for 1,000 feet of Paragon hose be approved. Seconded by Councilman Connick and carried. All present voting in favor thereof and no one against the same. There being no further business, the council adjourned until the next regular meeting of the council." In that case the court said:

"This entry clearly shows *what members of the council were present and what members were absent during the entire meeting,* and also just what members voted aye and that there were no negative votes. The object of the charter was to have a record kept of how each member present voted, and this object was thoroughly accomplished in the above-quoted journal entry; and the entry fully sup-

ports the finding that the 'yeas and nays were taken, and the name of each member voting upon the question was entered upon the journal;' and appellant's contention to the contrary falls to the ground." (Italics ours.)

In the California case, there was nothing to show what members of the council were present *when the vote was taken,* except the record of those present *when the council opened.* Such is the situation in the present case. In order to reach the conclusion in the California case, the assumption had to be indulged that all those present, when the session opened, were present when the vote was taken. And the same assumption would have to be indulged in the present case in order to hold that the journal entry is sufficient. To indulge such an assumption respecting the journal of a legislative body, would always afford a chance to a member to escape *definite* proof as to whether he voted on an ordinance. We think Justice COOLEY, in the Michigan case, supra, clearly stated the purpose of the requirement that the yeas and nays be entered on the journal.

In view of our mandatory statute that the yeas and nays shall be entered on the journal, we cannot hold that the journal entry here in question is sufficient. And we hold that, because of the failure to enter upon the journal the yeas and nays, as Section 7133 requires, Ordinance No. 13 is void.

The judgment should be reversed and it is so ordered. *Hyde, C.,* concurs; *Dalton, C.,* not sitting.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except *Hayes, P. J.,* absent.