CITY OF WASHINGTON, Appellant, v. WASHINGTON OIL COMPANY, a Missouri Corporation, GEO. HAUSMANN, JR., President of said Corporation, CARL HAUSMANN, Secretary-Treasurer of said Corporation.—145 S. W. (2d) 366.

Division One, December 11, 1940.

*H. A. Krog, James Booth* and *James L. Anding* for appellant.

*John B. Busch* and *Theodore P. Hukriede* for respondents.

GANTT, J.—Action to collect a license tax. Defendants question the validity of an ordinance of the City of Washington, the pertinent parts of which follow:

(1) "No person, . . . shall engage in . . . the business of selling gasoline . . . in the City of Washington, Missouri, *nor* shall any person, . . . transport the same for the use of themselves or other persons, . . . in said City, *and/or* sell the same in or from . . . containers, without first having obtained from the city clerk a license so to do."

(2) "Every person, . . . engaged in the business of selling gasoline . . . *and/or* transporting the same as defined in the foregoing section shall pay . . . to the city collector a monthly license tax on the 10th day of each month for the preceding month, the amount of said license to be determined at a sum equal to ½ cent for every gallon of gasoline . . . sold by or transported by such person, . . . during the preceding month; *provided that any person, . . . may deliver gasoline . . . to its own filling station from . . . containers without paying an additional tax on such delivery, if they pay or cause to be paid the aforesaid tax on the amount sold or distributed at the filling station to which such deliveries are made."* (Italics ours.)

The other sections relate to the keeping of records, making monthly reports, city collector's duties, and penalties for violations of the ordinance.

The trial court found the ordinance invalid, judgment accordingly and plaintiff appealed.

Quite a number of filling stations are located in Washington. Defendants own a bulk station and two filling stations in said city. Another owns a bulk station and one filling station. Others owning a filling station do not own a bulk station.

The use of the symbol ''and/or'' in the ordinance will be noted. We have ruled that said words so used are meaningless. [State ex rel. v. Douglas et al., 330 Mo. 187, 95 S. W. (2d) 1179, 1180; 22 Washington University Law Quarterly, p. 110.]

Plaintiff cites Village of Beverly Hills v. Schulter, 344 Mo. 1098, 130 S. W. (2d) 532. The symbol ''and/or'' is in the ordinance reviewed in that case. The said words were not challenged. In that case we neither considered nor ruled on the use of the words in an ordinance.

Furthermore, an ordinance must be clear, certain and definite so that the average person may, upon reading it, understand whether he will incur a penalty for his action. [Diemer v. Weiss, 343 Mo. 626, 122 S. W. (2d) 922.]

We think the ordinance is an effort to tax the transportation of gasoline within the city. In doing so it taxes a transportation to filling stations not owned by the transporter and provides that no tax shall be paid on a transportation to filling stations owned by the transporter.

Thus it appears that the tax is not uniform on the classification, and for that reason is in violation of Sec. 3, Art. X of the Constitution. [City of Cape Girardeau v. Groves Motor Co., 346 Mo. 762, 142 S. W. (2d) 1040, 1042.]

The judgment should be affirmed. It is so ordered. All concur.