AIRWAY DRIVE–IN THEATRE CO., Inc., a corporation, St. Louis Amusement Co., a corporation, and Herbert P. Hartstein, doing business as Skyline Drive-In Theatre, Appellants,

v.

CITY OF ST. ANN, a municipal corporation, Clarence G. Tiemeyer, Mayor of the City of St. Ann, and Maurice H. McCue, Chief of Police and Collector of the City of St. Ann, Respondents.

No. 48002.

Supreme Court of Missouri,

En Banc.

March 12, 1962.

Flynn, Parker & Badaracco, Norman C. Parker, St. Louis, for appellants.

William R. Dorsey, Clayton, for respondents.

STOCKARD, Commissioner.

Appellants seek a declaratory judgment declaring unconstitutional and void that portion of Ordinance No. 288 of the City of St. Ann which purports to levy an annual license tax on drive-in theaters of $1.50 per speaker. The trial court dismissed their petition and they have appealed contending, as they did in the trial court, that the challenged portion of the ordinance violates Section 3, Article X of the Constitution of Missouri, V.A.M.S., and also the due process and equal protection clauses of both the Missouri and Federal Constitutions.

Ordinance No. 288, which became effective January 1, 1959, levies an annual license tax in varying amounts upon 98 specifically designated classifications of business, and provides that all other businesses should be taxed on an annual basis at the rate of seventy-five cents for each one thousand dollars of the first million dollars of gross sales, and one dollar for each one thousand dollars of gross sales thereafter with a minimum tax of $25.00. The tax on the specifically designated classifications varies from $5.00 to $250.00 for those businesses taxed on a flat rate of so much per year. The challenged tax is listed as follows: "Theaters, drive-in, per speaker per year $1.50." There is no separate classification for "theaters," but there is a separate classification for "Opera houses or picture shows, indoor, per year $50."

Drive-in theaters are arranged so that patrons drive in the theater area and watch the moving picture show while seated in their automobiles. A separate speaker is provided for each automobile. The drive-in theater of one of the appellants also has a substantial number of seats arranged so that persons may leave their automobile or come to the area without an automobile and watch the picture show. Airway Drive-In Theatre has 925 in-car speakers on which the annual tax under Ordinance No. 288 is $1,387.50; Skyline Drive-In Theatre has 591 in-car speakers on which the annual tax is $886.50; and St. Ann Drive-In Theatre, operated by Appellant St. Louis Amusement Co., has 1,040 in-car speakers for which the annual tax is $1,560.00. We note that subsequent to the filing of this action Skyline Drive-In Theatre has terminated its operations in the City of St. Ann.

During 1959 there were twenty-four businesses which paid a license tax based on gross sales. The largest was $1,006.98 paid by a super-market, and to warrant this tax its annual gross sales necessarily exceeded $1,250,000. The gross receipts of

appellants in 1958 from admissions and from concessions was as follows: Airway Drive-In Theatre—$352,505; Skyline Drive-In Theatre—$96,071; and St. Ann Drive-In Theatre—$257,335. In addition to the license tax under Ordinance No. 288 and the regular real and personal property taxes, appellants paid to the City of St. Ann in 1958 "under agreement for police direction of traffic and other police services" the following amounts: Airway Drive-In Theatre—$4,850; Skyline Drive-In Theatre—$1,410; and St. Ann Drive-In Theatre—$3,570. These payments would be approximately the same each year for each theater except the one which has terminated its business in the city.

There appears to be no question, at least by the parties, but that Ordinance No. 288 is a revenue measure as distinguished from a regulatory measure, and that as such it is subject to the provisions of Section 3, Article X, Constitution of Missouri which provides that "Taxes * * * shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." See City of Cape Girardeau v. Fred A. Groves Motor Co., 346 Mo. 762, 142 S.W.2d 1040; City of St. Charles ex rel. Palmer v. Schulte, 305 Mo. 124, 264 S.W. 654. Appellants contend that the ordinance violates the above constitutional provision because the "separation of indoor and outdoor theaters is an arbitrary and unreasonable classification thereby destroying the required uniformity of application of the tax." They also contend that the tax on drive-in theaters is "excessive and discriminatory in comparison with the tax imposed upon other businesses." The City of St. Ann, on the other hand, contends that it is entitled to make reasonable classifications of businesses for the purpose of levying a license tax; that it has done so by creating the classification of "picture shows, indoor" and "theaters, drive-in;" and that since the tax is uniform on all members of the classification of "theaters drive-in" the ordinance does not violate any provision of the Constitution. It as-

serts that "discrimination as such [will] not void the ordinance but only unreasonable and arbitrary discrimination [is] prohibited by Section 3, Article X of the Missouri Constitution of 1945."

A municipal corporation has no authority to impose a license tax upon any business or pursuit unless such power is conferred by charter or by statute. Automobile Club of Missouri v. City of St. Louis, Mo.Sup., 334 S.W.2d 355, 362. The City of St. Ann is not a charter city so its authority must be found in the statutes. Section 71.610 RSMo 1959, V.A.M.S., requires that the business or avocation to be taxed shall be "specially named as taxable" in the charter or applicable statute. Section 94.270 RSMo 1959, V.A.M.S., applicable to cities of the fourth class, specifically lists "moving picture shows" among the businesses upon which license taxes may be levied.

This court has held that a municipality "has power to divide a taxable class, that is, a class taxable under its charter [or applicable statutes], into subclasses and tax these subclasses differently." Village of Beverly Hills v. Schulter, 344 Mo. 1098, 130 S.W.2d 532; Ploch v. City of St. Louis, 345 Mo. 1069, 138 S.W.2d 1020. But, of course, the subclassifications must be reasonable and not arbitrary. Campbell Baking Co. v. City of Harrisonville, 8 Cir., 50 F.2d 670. There must be a substantial distinction between the subclasses, 33 Am.Jur. Licenses § 34, or the effect is that businesses which are in fact in the same class are not taxed uniformly. See, for example, City of Kansas City v. Grush, 151 Mo. 128, 52 S.W. 286. However, "the latitude allowed a legislative body in making classifications in a pure revenue measure is more restricted, since the element of regulating particular businesses because of their nature is missing." Edmonds v. City of St. Louis, 348 Mo. 1063, 156 S.W. 2d 619.

When we consider the fact that the tax imposed is not for purposes of regula-

tion, but is imposed for revenue purposes only, we find it difficult to justify a distinction between moving picture shows held indoors and moving picture shows held outdoors in what is called a drive-in theater. The product sold by these highly competitive businesses is precisely the same and is dispensed for the same purpose. Neither, as distinguished from the other, is detrimental to the public good or adversely influential on public morals or habits so as to justify a different treatment. See Edmonds v. City of St. Louis, supra. However, it may be said that subclassifications of "moving picture shows" may properly be made by a municipality for the purpose of computing or measuring the tax. For example, a municipality may desire to measure the tax on the capacity of a theater. The indoor theater could be taxed according to the seating capacity, but since drive-in theaters do not have a comparable seating capacity, the tax could be measured according to its capacity for automobiles, or, as in this case, according to the number of in-car speakers. Therefore, we cannot say, as a matter of law, that no subclassification of moving picture shows into indoor and outdoor theaters is permissible for any purpose. But, when a municipality taxes one subclassification on a flat rate and another on a graduated rate with the result, as in this case, of one subclassification being taxed 17 to 30 times greater than a member of the other subclassification engaged in a competing enterprise and doing or capable of doing the same volume of business and serving the same number of patrons, then the ordinance imposing the tax is contrary to what we consider to be the correct and sound rule that "although a subclassification for license purposes may be justified on substantial grounds, the taxing power cannot unjustly discriminate, such as in the amount of the tax imposed, between the subdivisions so made." 33 Am.Jur. Licenses, § 34, p. 360; 51 Am.Jur. Taxation § 179. See, also, 53 C.J.S. Licenses § 22. This is but another way of saying that the resulting subclassification is arbitrary,

unreasonable and without substantial justification.

In Fiscal Court of Owen County v. F. & A. Cox Co., 132 Ky. 738, 117 S.W. 296, 21 L.R.A.,N.S., 83, a discriminatory tax, although not confiscatory or prohibitive, was imposed on four-horse wagons as compared to three-horse wagons. While ruling that there was no reasonable basis for the classification, the court also had this to say: "Furthermore, the order itself shows that the owner of a four-horse wagon is required to pay three times as much tax as the man who operates a three-horse wagon, when there is nothing in the character of the wagons to justify such inequality. It may be conceded that a reasonable classification for the purpose of license taxes may always be made. Classification based upon the character of the vehicles and the number of horses used in connection with them may be proper, * * * but the classification sought to be made in this case is manifestly unequal and unreasonable. It cannot be said to be reasonable because it bears alike upon all owners of four-horse wagons. The class of persons whose occupations are taxed are those who run and operate vehicles for hire. The taxing power may subdivide this class, but it cannot unjustly discriminate between the subdivisions so made." See, also, Ziedman & Pollie Inc. v. City of Ashland, 244 Ky. 279, 50 S.W.2d 557, where a license tax on carnivals ten times higher than on other subclassifications of public entertainments was held to be unreasonably discriminatory, and see also Mayor and Council of Wilmington v. Durham, Del., 2 Storey 110, 153 A.2d 568, 573, where a license tax of $6.00 per machine used in launderettes was held invalid as to a launderette containing so many machines that the total tax would exceed the $50 tax imposed on regular laundries.

In the following cases the ordinance or statute was held to be void although the broad authority of a legislative body to make classifications on the various grounds set

forth in 53 C.J.S. Licenses § 22, at pp. 543–544, would have permitted the subclassifications, at least for some purposes. City of Danville v. Quaker Maid, Inc., 211 Ky. 677, 278 S.W. 98, 43 A.L.R. 590 (a higher tax on cash and carry grocery stores than on "regular" grocery stores); Rainey v. State, 41 Tex.Cr. 254, 53 S.W. 882 (a higher tax on cotton buyers who were merchants than on cotton buyers who were not); Lincoln Gas & Electric Light Co. v. City of Lincoln, 8 Cir., 182 F. 926 [reversed on other grounds, 223 U.S. 349, 32 S.Ct. 271, 56 L.Ed. 466] (a tax on a gas plant furnishing light, heat and power but not on an electric plant furnishing the same); State of Wyoming v. City of Sheridan, 25 Wyo. 347, 170 P. 1, 1 A.L.R. 955 (tax on one laying concrete or cement sidewalks but not on one laying sidewalks of asphalt, granite or vitrified brick); Great Atlantic & Pacific Tea Co. Inc. v. Board of Commissioners of City of Camden, 122 N.J.Law 47, 4 A.2d 16 (a prohibitive tax of $10,000 on self-service grocery stores, but the court mentions discrimination between subclasses); Rebsamen Motor Co. v. Phillips, 226 Ark. 146, 289 S. W.2d 170, 57 A.L.R.2d 1256 (tax on dealers of new automobiles who were franchised and no tax on those not franchised).

■ In addition to what we have said, we consider Ordinance No. 288, in its application to appellants, to be invalid for another reason. In Thunder Oil Company v. City of Sunset Hills, Mo.Sup., 349 S.W.2d 82, it was pointed out that the courts at various times have stated that they may declare an ordinance invalid because of unreasonableness in the absence of some constitutional violation, citing cases, but that this authority should be exercised only where the enactment of the ordinance constitutes an abuse of the taxing power. In the pending case the license tax, imposed as a revenue measure only, was on the operations of moving picture shows, but the tax on the subclassification made by respondent on moving picture shows operated outdoors by appellants, as previously stated, was from 17 to 30 times higher than the tax which would be imposed on a competing moving picture show operated indoors capable of or actually serving the same number of patrons or doing the same amount of gross business each year. This unreasonable discrimination in the tax imposed on one subclassification of the statutory class of moving picture shows to the substantial tax advantage of actual or potential competitors with no reasonable justification for the different treatment clearly constitutes an abuse of the taxing power.

In reaching this result we are not unmindful of the fact that in the argument of respondents' brief, but not in the points, there is a statement to the effect that at the time Ordinance No. 288 was adopted there were no indoor theaters in the City of St. Ann. The record does not establish that there was none at the time of filing the suit or at the time of trial, and of course such a theater could be established in the city. Respondent makes no point whatever that the absence of an indoor theater in the City of St. Ann would remove all basis of objection to Ordinance No. 288 on the part of appellants. In any event, where the City did raise such a contention in a challenge to a city ordinance, this court overruled it, and ruled the ordinance void when proper to do so for other reasons. See City of Cape Girardeau v. Fred A. Groves Motor Co., 346 Mo. 762, 142 S.W.2d 1040.

For the reasons above set forth, the judgment is reversed and the cause remanded for further proceedings according to the views herein expressed.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court en Banc.

WESTHUES, C. J., and STORCKMAN, LEEDY, HOLLINGSWORTH and HYDE, JJ., concur.

EAGER and DALTON, JJ., dissent.