**508 CHESTNUT, INC., a Corporation, Respondent,**

v.

**The CITY OF ST. LOUIS et al., Appellants.**

**No. 50920.**

Supreme Court of Missouri,

Division No. 1.

April 12, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied May 10, 1965.

Morris A. Shenker, Emanuel Shapiro, St. Louis, for plaintiff-respondent.

Thos. J. Neenan, City Counselor, Thomas F. McGuire, Daniel T. Tillman, Assoc. City Counselors, St. Louis, for appellants.

HOUSER, Commissioner.

508 Chestnut, Inc., a corporation engaged in the operation of a hotel business, brought suit against City of St. Louis and its license collector and comptroller, praying for a judgment declaring Ordinance No. 52030 void, and to enjoin defendants from enforcing same and collecting license taxes thereunder. City of St. Louis filed its answer and a cross-claim praying judgment for the amount of money due under the ordinance. Certain admissions of fact were demanded and made under Civil Rule 59.[1] Plaintiff filed a motion for summary judgment on petition and cross-claim on the ground that the pleadings and admissions showed that there was no genuine issue as to any material fact and that plaintiff as a matter of law was entitled to judgment for the relief prayed for in its petition. The motion for summary judgment was tried before a judge of the circuit court upon the pleadings, agreed statement of facts and certain documentary evidence introduced at the hearing.

On April 24, 1964 the court made and entered its findings of fact and conclusions of law; determined that the ordinance was void, that defendants were not entitled to enforce collection of taxes thereunder, and entered judgment for plaintiff and against defendants on both petition and cross-claim.

On May 6, 1964 defendants filed a motion for a new trial, which was argued, submitted to the court, and denied on June 12, 1964. On June 15, 1964 defendants filed a notice of appeal from the judgment entered on April 24, 1964.

In their jurisdictional statement defendants raise the question whether the appeal is timely. Plaintiff urges that this is a case tried to the court without a jury; that under the provisions of Civil Rule 73.01(c) as written on May 6, 1964[2] a motion for a new trial in that kind of case had to be made within 10 days after the entry of judgment; that defendants' motion for a new trial was made 12 days thereafter—too late to extend the time for the filing of the notice of appeal—and therefore the notice of appeal, filed 52 days after entry of judgment, was filed too late to vest jurisdiction in this Court. Plaintiff points out that the Court recently (on November 16, 1964) promulgated an amendment to Civil Rule 73.01(c) to increase the time limit from 10 to 15 days, and recalls the notation made by the Court on that occasion: "The change in Rule 73.01 is made so that the time for after-trial motions in nonjury cases will conform to the time now permitted for motions for new trial in jury cases."[3]

1. All references to rules are to Rules of Civil Procedure, V.A.M.R.

2. "Upon motion of a party made not later than 10 days after entry of judgment the court may amend the judgment and opinion. The motion may be made with a motion for a new trial."

3. In jury cases applicable Civil Rule 78.02 provides: "A motion for a new trial shall be filed not later than 15 days after the entry of the judgment. The judgment shall be entered as of the day of the verdict. If a timely motion is filed the judgment is not final until disposition of the motion."

In Crooms v. Ketchum, Mo.Sup., 379 S.W.2d 580, 585 [3] we held *in a court-tried case* that the filing of a motion for new trial 12 days after the entry of judgment was timely; that such a case is governed by Civil Rule 78.02, which provides, among other things, that a motion for new trial shall be filed not later than 15 days after the entry of the judgment. Under the ruling in that case the finality of the judgment in this case was suspended until the motion was overruled within 90 days. Civil Rules 78.02 and 78.04. Notice of appeal was timely filed three days after the motion for a new trial was denied. The amendment of Civil Rule 73.01(c) on November 16, 1964 and the notation on the order of amendment was intended to eliminate the confusion arising out of the difference between the 15 days provided for in Civil Rule 78.02 and the 10 days provided for the filing of motions to amend the judgment and opinion in court-tried cases. The amendment and notation are not to be interpreted as a construction that at that time Civil Rule 73.01(c) provided a 10-day time limit for filing motions for new trial in court-tried cases.

The facts are undisputed. Plaintiff corporation operates the LaSalle Hotel in the City of St. Louis. It is subject to § 402-170, Revised Code, City of St. Louis, which levies on hotels a license fee of 50¢ annually for each sleeping room to be used for paying guests. Prior to the enactment of the ordinance in question Ordinance No. 48433, levying on each hotel a license tax of 2% of the daily rental of each room occupied by a transient guest in addition to the tax levied on rooming houses in general, was declared void by the Circuit Court of the City of St. Louis. City did not appeal.

Ordinance No. 52030, § 29–108 of which is now under attack, was approved June 1, 1963. Its 1400-word title, irrelevant matter omitted, follows: "An Ordinance licensing and regulating the following business avocations, permits, professions, ness avocations, permits, professions, trades, calling[s?] as follows: [here 217 businesses are listed, including "Hotels and Motels"].

"Establishing a procedure for the issuing of licenses, requiring all delinquent taxes, licenses, permits due or past due to be paid as a condition precedent to the issuance of such licenses; requiring the license collector to administer such ordinance; establishing the Board of Tax Appeals; providing and prescribing the procedure and powers of the Board of Tax Appeals; requiring bonds for certain specified licenses, and repealing [certain numbered and entitled chapters of the Revised Code] and containing a penalty clause and a severability clause."

Section 29 provides that "Every corporation * * * engaged in any business, * * * or in the keeping or maintaining of any * * * establishment, * * * [referred to?] in this ordinance, shall procure and pay for a license therefor from the city, and such license fees shall be in the respective amounts set out in this ordinance (except as otherwise provided in this ordinance)."

Each separate business, avocation, calling, etc., is dealt with in a separately numbered subsection. Some license fees are imposed in fixed amounts. For instance, express companies are required to pay a flat annual license fee of $100. Others are based on annual gross receipts, with a minimum annual fee. Provision is made for a rate of $1.75 per $1,000 where the fee is based upon annual gross receipts or other gross annual fees, charges or compensation, "except as otherwise specifically provided in this ordinance."

Subsection 29–108, "Hotels and Motels," provides as follows:

"There is hereby levied a tax of two (2) per cent of the gross daily rental receipts due from or paid by transient guests, in addition to the tax levied on hotels and motels by Section 402.170 Revised Code of the City of St. Louis [50¢ per room per annum, see supra.]

"Definitions for purposes of this section as follows:

"Transient guest shall be a person who occupies a room in a hotel or motel for 31 days or less.

"Hotel or Motel shall mean any structure or building which contains rooms furnished for the accommodations or lodging of guests, with or without meals being so provided, and kept, used, maintained, advertised, or held out to the public as a place where sleeping accommodations are furnished for pay or compensation to transient guests or permanent guests.

"It is hereby made the duty of every person, firm or corporation engaged in the business of operating a hotel or motel to file with the Comptroller of the City of St. Louis, on or before the fifteenth day of October, 1963, a sworn statement of the gross daily receipts received from or due from transient guests from the operation of such hotel or motel from the effective date of this ordinance to September 30, 1963, and to file on or before the fifteenth day of April and the fifteenth day of October of each year a sworn statement of gross daily receipts for such business for the six calendar months preceding the filing of such statement. At the time of filing such statement the Comptroller shall examine the accuracy of such statement and shall certify to the license collector of the City of St. Louis the amount of tax due by such person, firm, or corporation engaged in the business herein described. The license collector shall thereupon notify the person, firm or corporation filing such statement of the certification thereof, and it shall be the duty of such person, firm or corporation within five (5) days to pay the license collector an amount equal to two (2) per cent of the daily gross receipts, as shown by the statement so filed and certified."

Defendants notified plaintiff of its liability to pay a tax of 2% of the gross daily rental receipts due from or paid by transient guests and that on October 15, 1963 it was required to file the sworn statement referred to in § 29–108, and threatened to bring suit for the sum due unless plaintiff complied. Plaintiffs have "gross daily rental receipts due from or paid by transient guests" as the term is defined in § 29–108.

Plaintiff's petition alleged, among other things, that § 29–108 violates Art. X, § 1; Art. VI, § 31 and Art. X, § 3, Mo.Const. 1945, V.A.M.S.; the equal protection and due process clauses of Amendment XIV to the federal constitution, and § 13 of the city charter.

In its judgment of April 24, 1964 the court found § 29–108 void "because it is not uniform upon the same class of subjects and because its subject is not clearly expressed in its title."

We have jurisdiction because this case involves the construction of the state and federal constitutions. Art. III, § 23, Const. Mo.1945.

The first issue is whether § 29–108 is void on the ground that the subject is not clearly expressed in the title.

Article IV, § 13, Charter of the City of St. Louis, provides: "Bills to contain single subject * * *. No Bill * * * shall contain more than one subject, which shall be clearly expressed in its title." This is substantially the same as Art. III, § 23, Mo.Const.1945, which applies to bills introduced in the General Assembly. The principles which have been applied in the construction of Art. III, § 23 are fully applicable. The object of the requirement is that "the title, like a guideboard, indicate the general contents of the bill, and contain but one general subject, which might be expressed in a few or a greater number of words." State ex rel. Normandy School District of St. Louis County v. Small, Mo.Sup., en banc, 356 S.W.2d 864, 868–869. The evil to be avoided is imposition upon the members

of the legislature and interested people. By requiring an "honest" title—one which is not designed as a cover—the legislators will not be misled into overlooking or carelessly or unintentionally voting for vicious and incongruous legislation, and interested people will be notified of the subjects of legislation being considered in order to have an opportunity to be heard thereon. State ex rel. Normandy School District of St. Louis County v. Small, supra, and cases cited 356 S.W.2d l. c. 869. If the bill contains an exception the exception must be expressed in the title, else the section dealing with the subject matter of the exception is void. State, on Inf. of Taylor v. Currency Services, 358 Mo. 983, 218 S.W.2d 600, 604; Petitt v. Field, Mo.Sup., 341 S.W.2d 106, 110. The title may be expressed in a few words, but where it descends to particulars the particulars stated become the subject of the act, which must conform to the title as expressed by the particulars. "Where the title goes into such detail as would reasonably lead to the belief that nothing was included except that which is specified then any matter not specified is not within the title. Any such matter beyond the title is void * * *." State ex rel. Fire Dist. of Lemay v. Smith, 353 Mo. 807, 184 S.W.2d 593, 596.

■ The title to Ordinance No. 52030 does not contravene these guiding principles. Neither the members of the board of aldermen nor any person interested in the hotel or motel business would be imposed upon, misled, deceived or surprised by the enactment of § 29–108 under this title. It is an honest title, revealing the one and only general subject of the ordinance—the licensing and regulating of specified businesses and professions, including hotels and motels. The licensing of hotels and motels is germane to the subject. Every provision of § 29–108 is germane, that is, closely allied, fit and appropriate, and of a similar nature to the subject expressed in the title. United Bro. of Carpenters, etc., v. Industrial Com'n, Mo.Sup., 352 S.W.2d 633, 635 [4, 5]. It is simply not true that § 29–108 is "vicious" or "incongruous" legislation, or that the title is a cover for that kind of legislation. In its reference to hotels and motels the title does not descend into particulars, and therefore its failure to include a reference to the sworn statements of receipts to be filed with the comptroller or the variance between the expiration dates of licenses granted to hotels and motels and those granted to other businesses, or other details, is not fatal to the ordinance.

■ We find no merit in plaintiff's argument that the ordinance is calculated to fall only upon nonresidents of St. Louis and that it exempts or excepts St. Louis residents, without expressing that exception in the title. The tax is not laid upon the guest but on the hotel or motel, and the incidence of the tax does not depend upon the residence or nonresidence of the guest but upon his status as transient or permanent. There is no *exemption* of "non-transient" hotels and motels, as contended. The ordinance applies to all hotels and motels alike. The definition of hotel or motel plainly indicated that the board of aldermen considered any place where sleeping accommodations are furnished for pay or compensation "to transient or permanent guests" as a hotel or motel. All hotels and motels, as those words are generally used and accepted, accommodate transient guests; the accommodation of transients is their principal preoccupation. Section 29–108 is a legislative recognition of this commonly [4] and judicially [5] recognized fact, namely, that a hotel (and a motel) is a house held out to the public as a place where travelers who come will be received and entertained as guests for compensation, especially for transient persons. We think the board of aldermen, in referring

---

4. Webster's New International Dictionary, Second Edition.

5. Juengel v. City of Glendale, Mo.App., 164 S.W.2d 610, 613 [2].

to hotels and motels in the enactment of § 29–108, had in mind that while the principal service offered to the public by hotels and motels is the accommodation of persons who stay 31 days or less, some hotels and motels will or may have some permanent guests who stay for more than 31 days. The object was to tax the gross receipts from transient but not from permanent guests, so that during any computation period hotels and motels would pay the tax on the gross receipts from transient guests but if during the period some revenue was received from permanent guests, that revenue should not be taxed. This is not the same as an exemption of "non-transient hotels," and there was no necessity of referring in the title to the distinction between transient and permanent guests.

The second issue is whether § 29–108 is void on the ground that it does not fall uniformly upon the class "Hotels and Motels" and thus violates the uniformity requirement of the state constitution,[6] and whether it is discriminatory in violation of the due process and equal protection clauses of Amendment XIV of the federal constitution.

It is conceded that the ordinance is a revenue measure, an exercise of the taxing power, subject to the uniformity requirement of the constitution, and not merely a regulatory measure. The ordinance is also subject to the requirement of the City Charter, Art. XX, § 3, that a license tax imposed by any ordinance "shall be uniform for each class."

The word "uniform" as used in Art. XX, § 3 refers to the measure, gauge or rate of the tax. The words "the same class of subjects" refers to the classification of subjects of taxation for the purposes of the tax. "[W]hen the subjects are once classified the rate must be uniform upon all subjects of the same class." City of Cape Girardeau v. Fred A. Groves Motor Co., 346 Mo. 762, 142 S.W.2d 1040, 1043 [2].

Plaintiff takes the position that the "class of subjects" under Ordinance No. 52030 is "Hotels and Motels"; that there is no subclassification into hotels doing a transient business and hotels doing a nontransient business; that the tax does not apply uniformly upon all subjects of the same class; that "hotels and motels doing transient business, all other things being equal, pay a far greater tax than those doing a non-transient business. Thus, the tax is patently not uniform upon the class 'Hotels and Motels' * * *."

We find in § 29–108 no violation of the uniformity requirements of the state constitution and city charter. The same measure, gauge or rate of tax (2% of gross daily receipts due from or paid by transient guests) is uniformly imposed upon all hotels and motels. The tax falls equally and uniformly upon all subjects of the same class and kind, that is, upon all hotels and motels having daily receipts due from or paid by transient guests. If during a reporting period a hotel or motel has no transient guests there is no duty to report or pay a tax under this ordinance. There is no absolute requirement of uniformity in taxation. The only constitutional (and charter) requirement is that "the taxation of subjects which fall in the same class or category be uniform." State ex rel. Jones v. Nolte, 350 Mo. 271, en banc, 165 S.W.2d 632, 636 [7]. Uniformity of taxation does not require that all subjects of taxation be taxed, and does not mean universality. As far as the uniformity requirement is concerned the legislative body may lawfully tax the gross receipts from one phase of the operation of the hotel or motel business and not tax the gross receipts from another phase of the operation of that business, as long as the tax operates alike on all hotels and motels simi-

6. "Taxes * * * shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Art. X, § 3, Mo.Const.1945.

larly situated and equally on all similar sources of revenue.

We apprehend that plaintiff's principal complaint is that § 29–108 is discriminatory. In its brief plaintiff states that "by far, the most glaring defect in the above subsection is its discriminatory application among hotels and motels" and argues that "all other things being equal, the hotel or motel that does transient business will pay a greater tax than the hotel that does not do transitory business, and the hotel with a high percentage of transient business will pay a larger tax than a hotel with a lower percentage of transient business." While Ordinance No. 52030 makes no formal subclassification of the subjects of taxation into hotels and motels doing a transient business and hotels and motels not doing a transient business, it does necessarily classify the sources of revenue received by members within the same class; it does make the incidence of the tax depend upon a difference in the method or mode of conducting the same type and kind of business. It is true that under this ordinance the hotel with a higher percentage of transient business will pay more than one with a lower percentage of transient business, and that the hotel doing a transient business will pay a gross receipts tax whereas the hotel that does none will not. Such differentiation, however, is not invidious if the classification is reasonable and not arbitrary; if it is based upon a substantial distinction between hotels that do and hotels that do not. Airway Drive-In Theatre Co. v. City of St. Ann, Mo.Sup., 354 S.W.2d 858, 860 [2]. "A difference in the method of conducting a business is generally a sound basis for classification, particularly if it appears that the tax was fixed in proportion to the amount of business, which may be determined by different but reasonable methods." City of San Mateo v. Mullin, 59 Cal.App.2d 652, 655, 139 P.2d 351, 353. The classification of the source of revenue based upon the difference between transient and permanent guests, and the imposition of a tax upon hotels and

motels that furnish rooms to paying guests for 31 days or less, is reasonable. Higher per diem prices are charged for transient occupancy; it is a more lucrative field. Stricter daily attention and supervision of the business is required; it is more exacting. It is a different type of business, which caters to a different class of trade. The issue came before the Supreme Court of Florida in Gaulden v. Kirk, Fla.Sup., en banc, 47 So.2d 567, wherein it was resolved as we have resolved it, in this language, 47 So.2d, l. c. 576, 577: "Certainly it was appropriate for the legislature to place the business of the landlord who rents to transients in a different class from that of the landlord who rents to permanent guests or tenants. These landlords may be in the same general class—assuredly both of them are engaged in renting living accommodations—but the distinction made between their respective businesses for the purpose of taxation under the provision of this Act is permissible classification and is not unreasonable, arbitrary or unjustly discriminatory. The landlord who rents to transients rather than permanent tenants charges higher per diem prices, must (because of the very nature of his trade or enterprise) give strict daily attention and supervision to his business and guests and operates in a special, distinct class—possibly a more lucrative field. It was necessary to establish some period of time which would mark the difference between a transient and a permanent guest. In its wisdom the legislature saw fit to establish six months residence as the criterion. Such period of time constitutes a reasonable basis for the cleavage of the two classes of tenants and this distinction is ample justification for the difference in classification of the businesses engaged in by the landlords. Such division or classification is recognized generally throughout the business world; indeed, in the hotel and apartment trade the difference between the business of furnishing living accommodations to transients and the business of supplying living accommodations to permanent guests or tenants is well known and accepted. Many hotels

cater largely, if not exclusively, to so-called commercial or transient guests. \* \* \* The six months basis of differentiation is reasonable and does not amount to unjust or arbitrary discrimination."

 Finally, plaintiff complains that the 2% tax on the gross receipts of hotels and motels is more than 11 times greater than the gross receipts tax levied on other businesses covered by the ordinance, which imposes a tax of only $1.75 per thousand on other businesses. License fees for revenue purposes must be reasonable, but such a fee fixed by ordinance is prima facie reasonable, Ross v. City of Kansas City, Mo. Sup., 328 S.W.2d 610, 615, and "[b]efore the courts will interfere and declare a license tax to be unjust or unreasonable, a flagrant case of excessive and oppressive abuse of power (or improper discrimination) by the municipal authorities in the levying of the license tax must be established." (Our parentheses.) 38 Am. Jur. Municipal Corporations § 352. "What would be a fair and reasonable exaction for a license or permit as to one kind of business or activity might well be considered unfair and unreasonable as to another kind, \* \* \*." 9 McQuillin, Municipal Corporations, 3rd Rev.Ed., § 26.32c, p. 77. See also idem, § 26.60. Plaintiff produced no extrinsic evidence showing that the fees as applied to different businesses and occupations are unreasonable. We cannot say that unreasonableness appears on the face of the ordinance. It is not clearly apparent that the tax fixed by the board of aldermen is arbitrary, unreasonable, oppressive or prohibitive, virtually confiscatory or prohibitive of the hotel and motel business, under the rules stated in City of Washington v. Reed, 229 Mo.App. 1195, 70 S.W.2d 121, 123, quoted with approval in Holland Furnace Co. v. City of Chaffee, Mo.App., 279 S.W.2d 63, 67.

Finding no constitutional flaw in § 29–108 of Ordinance No. 52030, the judgment of the circuit court is reversed and the cause is remanded for the entry of a declaratory judgment consistent with this opinion.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.