**DEAN TAYLOR CADILLAC–OLDS, INC.,** Cape County Autopark I, Inc., Cape County Autopark II, Inc., Cape County Autopark III, Inc., and Fred A. Groves Motor Co., **Plaintiffs/Appellants,**

v.

Mary THOMPSON, Collector, et al., Defendants/Respondents.

No. 62493.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 7, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1994.

Application to Transfer Denied
March 22, 1994.

Donald S. Hilleary, Donald S. Hilleary, P.C., Clayton, for plaintiffs, appellants.

Warren L. Wells, City Atty., Cape Girardeau, for defendants, respondents.

1. The ordinances involved in this case were contained in Chapter 16 of the Code at the time the suits were filed. Since that time, the City has recodified its ordinances and these provisions are now contained in Chapter 15 of the Code, although there has been no amendment or alteration of the pertinent sections except renumbering. We will refer to the old numbers for the sake of consistency with plaintiffs' petitions and the trial court's ruling.

REINHARD, Judge.

This is an action to recover license taxes imposed by the City of Cape Girardeau. Plaintiffs are five automobile dealers in Cape Girardeau: Dean Taylor Cadillac–Olds, Inc. (Dean Taylor); Cape County Autopark I, Inc. (Cape I); Cape County Autopark II, Inc. (Cape II); Cape County Autopark III, Inc. (Cape III); and Fred A. Groves Motor Company (Groves). Defendants are Mary Thompson, in her capacity as City Collector, Alvin Stoverink, in his capacity as Finance Director, and the City of Cape Girardeau (the City). Plaintiffs are challenging the City's Gross Sales License Tax ordinances which the City employs to tax and license various merchants for the privilege of doing business in Cape Girardeau. At various times in 1990, each dealer paid, under protest, the Gross Sales License Tax imposed by Chapter 16, Article III[1] of the Code of the City of Cape Girardeau (Code) for the tax year August 1, 1989 through July 31, 1990. Each plaintiff filed a protest letter and then filed a lawsuit to recover the full amount of the taxes paid.[2] The five lawsuits were consolidated into this single action. The trial court ruled in favor of defendants. We affirm.

Section 16–3 of the Code lists specific businesses which are subject to a license tax set at a flat annual rate.[3] Article III, consisting of §§ 16–50 through 16–72, outlines the Gross Sales License Tax. The businesses listed in § 16–51, including automobile dealers, are taxed a percentage of their annual gross receipts for the privilege of conducting business within the city limits of Cape Girardeau. The ordinances were enacted pursuant to § 94.110, RSMo 1986.

Plaintiffs' principal point on appeal is that the trial court erred in finding the ordinance

2. Dean Taylor paid $3,766.59; Cape I paid $6,547.00; Cape II paid $3,846.00; Cape III paid $5,759.22; and Groves paid $9,763.12.

3. These license taxes vary by occupation and range from $5 per year to $300 per year.

constitutional. In their brief, they argue the ordinance "divides one natural class . . . into two parts and then taxes each part in an unequal and nonuniform manner." They contend this violates the Uniformity Clause of the Missouri Constitution [4] and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

There is no absolute requirement of uniformity in taxation. *508 Chestnut, Inc. v. City of St. Louis*, 389 S.W.2d 823, 830 (Mo. 1965). Uniformity of taxation does not require that all potential subjects of taxation be taxed, nor does it mean universal taxation. *Id.* The only requirement is that the taxation of all subjects within a particular class be uniform. *Id.* "Uniform" refers to the measure, gauge or rate of the tax. *Id.* A municipality has the power to divide a taxable class into a number of subclasses and tax each subclass differently. *Village of Beverly Hills v. Schulter*, 344 Mo. 1098, 130 S.W.2d 532, 535 (1939). Such a taxing scheme does not violate the constitutional requirement of uniformity where all substantially similarly situated persons are subjected to the same burden. *Id.*

In *508 Chestnut*, the court found an ordinance constitutional that taxed only hotel or motel rental receipts from transient, as opposed to nontransient, guests. *508 Chestnut*, 389 S.W.2d at 832. In *Beverly Hills*, a municipal ordinance provided any merchant engaged in the sale, transport, or storage of specifically defined quantities of gasoline or motor fuel would be subject to a license tax. *Beverly Hills*, 130 S.W.2d at 534. The Village of Beverly Hills had three businesses, only one of which was engaged in the activities covered by the ordinance in question. Noting that there is a presumption that such an ordinance complies with the requirement of uniformity, the court held the ordinance did not violate the Uniformity Clause of the Missouri Constitution or the equal protection provisions of the Fourteenth Amendment. *Id.*

Clearly, if our supreme court affirms the subclassification of hotel operations for taxation purposes, we must affirm the subclassification of the varied businesses covered by the Cape Girardeau ordinance. A much clearer distinction exists between an automobile dealer and a piano dealer than between hotel rental receipts from transient guests and rental receipts from nontransient guests.

Plaintiffs also argue that the trial court erred in declaring plaintiffs bore the burden of proof. They acknowledge the general rule that a party asserting an ordinance is unconstitutional bears the burden of proof. Plaintiffs contend, however, the ordinance in question is unconstitutional on its face and, therefore, the rule placing the burden on plaintiffs is inapplicable in the instant case.

There is a presumption of constitutionality which can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. *Walters v. City of St. Louis*, 259 S.W.2d 377, 386 (Mo. banc 1953). License fees for revenue purposes must be reasonable, but such a fee fixed by ordinance is prima facie reasonable. *508 Chestnut*, 389 S.W.2d at 832. The burden is on the party contesting the ordinance to negate every conceivable basis which might support it. *Walters*, 259 S.W.2d at 386.

We agree with plaintiffs that the general burden of proof rule has no application where, without the necessity for extraneous evidence, it appears from the provisions of the ordinance itself that it is unconstitutional. *McKay Buick, Inc. v. Love*, 569 S.W.2d 740, 743 (Mo. banc 1978). However, that is not the case here. The ordinance in this case is not unconstitutional on its face. Therefore, plaintiffs bear the burden of proof.

Plaintiffs further contend the trial court imposed an improper burden of proof on the plaintiffs.[5] Before we will de-

---

4. Article X, Section 3 of the Missouri Constitution provides (in relevant part): "Taxes may be levied and collected for public purposes only, and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

5. Plaintiffs do not, however, suggest an alternative burden of proof.

clare a license tax to be unjust or unreasonable, a flagrant case of excessive and oppressive abuse of power or improper discrimination by the municipality must be established. *508 Chestnut*, 389 S.W.2d at 832. The presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. *Walters*, 259 S.W.2d at 386.

Plaintiffs attempt to distinguish *508 Chestnut* from the instant case by arguing that the plaintiffs in that case were contending the amount of tax levied was unfairly confiscatory, whereas the plaintiffs here are not disputing the amount of the tax, but rather the unfair subclassification of natural classes. We do not agree that such a distinction exists. The plaintiffs in *508 Chestnut* complained the ordinance in question taxed hotels and motels at a higher rate than other businesses covered by the same license tax ordinance. In this case, plaintiffs' complaint is founded upon the fact that some businesses are charged a flat rate while automobile dealers (among others) are charged a percentage of their revenues. We perceive this as a complaint about the amount of taxes paid by the dealers.

■ Plaintiffs' final point on appeal is that the list of taxable businesses in § 16–51 includes "retail merchant of any kind", yet a number of alleged retail merchants have been included in the list of businesses which pay a flat fee for their business license. Plaintiffs contend this violates the Equal Protection Clause of the Fourteenth Amendment and the Uniformity Clause of the Missouri Constitution. In *Erb Industrial Equipment Co., Inc. v. City of Cape Girardeau*, 845 S.W.2d 551 (Mo. banc 1993), the supreme court of Missouri considered § 94.-110, RSMo 1986, the statutory authority underlying Cape Girardeau's Gross Sales License Tax, and noted it provides the authority to levy and collect license taxes on a wide variety of businesses, which are listed specifically. *Id.* Section 94.110 parallels the Gross Sales License Tax ordinances in that it contains a lengthy list of covered occupations, including "merchants of any kind." The court held that phrase did not subsume the other categories listed in § 94.110. *Erb*, 845 S.W.2d at 552.

Similarly, in the instant case, the phrase "retail merchant of any kind" does not subsume the occupations specifically listed elsewhere in the Code. The phrase should not be read as rendering superfluous the lengthy, and specific, listing of businesses subject to the Gross Sales License Tax. Rather, it encompasses those retail merchants who are not otherwise specifically listed elsewhere in the Code.

We affirm.

GARY M. GAERTNER, C.J., and CRIST, J., concur.