ACI PLASTICS, INC., et al., Appellants,

v.

The CITY OF ST. LOUIS, et al., Respondents.

RATICAN INSULATION CO., and Price Contracting Co., Appellants,

v.

Ronald A. LEGGETT, Collector, and, City of St. Louis, Missouri, Respondents.

Nos. 68350, 68453.

Supreme Court of Missouri, En Banc.

Feb. 17, 1987.

Rehearing Denied March 17, 1987.

Michael C. Rose, Kirkwood, for Ratican Insulation and Price Contracting Co.

James C. Owen, Thomas W. McCarthy, Manchester, for ACI Plastics, Inc., et al.

Edward J. Hanlon, Associate City Counselor, James J. Wilson, City Counselor, Elkin L. Kistner, Asst. City Counselor, St. Louis, for respondents.

BILLINGS, Judge.

These cases comprise taxpayer challenges to taxes imposed by Ordinance No. 59112 of the City of St. Louis. Plaintiffs themselves and as representatives of a class sought declaratory, injunctive and remedial relief. Numerous intervenors joined. Ordinance 59112 submitted both a "special employer's fee" and a "gross receipts" tax to City of St. Louis voters in a special election. The trial court upheld the ordinance. Reversed and remanded.

On April 6, 1984, in special session, the Board of Aldermen of the City of St. Louis (the Board) approved Ordinance 59112 for submission to the voters. The city had previously imposed a one percent sales tax in Ordinance No. 55947 by authority of Section 94.510.2, RSMo 1978. Ordinance 59112 proposed that:

a fee of Five Dollars per employee per month be imposed on all employers employing persons in the City of St. Louis ... and a tax of ⅜ of 1% upon gross receipts ... be levied and imposed upon all sellers ... [who sold] tangible personal property or render[ed] taxable services at retail in the City of St. Louis....

Notice of an election on the proposed ordinance was published in St. Louis on April 17, 1984. On May 25, 1984, the board passed Ordinance No. 59207, which amended 59112 in two ways. First, it exempted certain employers (primarily charitable, not-for-profit, and religious groups) from the employers' fee. Second, it replaced the "gross receipts" terms and definitions of the previous ordinance with the terms and definitions contained in the Missouri Sales Tax Statute, Chapter 144, RSMo 1978. No official public notice of these changes was published after the amendment. On June 5, 1984, the voters approved the ordinance as presented.

On July 20, 1984, the City of St. Louis entered into an agreement with the Missouri Director of Revenue for the collection of the enacted "gross receipts" tax. The Board had authorized this agreement by its enactment of Ordinance No. 59221, which further amended 59112. The Board's passage of Ordinance No. 59251 on September 21, 1984 again amended 59112. Among other provisions, No. 59251 authorized the City Collector of Revenue to promulgate regulations concerning the collection and determination of the employers fee and empowered the collector to actually collect the fee. Previously, the City Comptroller had been designated as the agent responsible to collect the fee. The final version of Ordinance 59112 required that employers pay a per-head fee on persons whom they employed within the city to be collected by the City Collector and a ⅜ of 1% gross receipts tax on sellers of retail goods and services in the city to be collected by the Missouri Director of Revenue.

Appellants raise a multi-faceted attack on the much-amended Ordinance 59112. In finding that the taxes imposed by the city through Ordinance 59112 are invalid, two

claims of error dispose of this appeal without consideration of the remaining claims.

■ First, § 94.510.1 RSMo requires that the imposition of a city sales tax be submitted to the voters of the city, and substantially limits the form that such a ballot shall take. The Court finds that the ⅜ of 1% "gross receipts" tax of Ordinance 59112 was, in fact, a sales tax. Consequently, the challenged ordinance is invalid because the submission of this sales tax to the vote of the people did not substantially comply with § 94.510.1.

It is necessary to examine § 94.510.1, part of the City Sales Tax Act, §§ 94.500–94.570, RSMo 1986, and its interaction with a provision of the Missouri Constitution, the Home Rule Amendment, art. VI, § 19(a), amended to its present form in 1971. Respondent's principal claim in support of the trial court's finding is that the Home Rule Amendment of the Missouri Constitution should be read as an expansive grant of power to charter cities.

"Any city may ... impose a city sales tax for the benefit of such city ...; provided, however, that ... [the city] submits to the voters of the City, at a public election, a proposal to authorize the legislative body of the city to impose [the sales] tax."

§ 94.510.1. The section continues:

The ballot of submission shall be in substantially the following form:

Shall the city of _____ impose a city
        (insert name of city)
sales tax of ____ percent?
        (insert rate of percent)

☐ Yes

☐ No

Section 94.510.2 states that the sales tax "may be imposed [by the charter city] at the rate of one-half of one percent, seven-eighths of one percent or one percent on the receipts from the sale at retail of all tangible personal property or taxable services at retail within the city adopting such tax ...; except that, each city not within a county may impose such tax at a rate not to exceed one and three-eighths percent." The latter clause was part of the 1985 amendment to the City Sales Tax Act, which became effective *after* this ordinance was submitted to the voters of St. Louis.

The General Assembly has granted to incorporated cities the power to enact sales taxes provided that such taxes are submitted to the voters in a prescribed manner and are approved by them. One may distinguish between a "gross receipts" tax and a sales tax, although the latter is essentially a special form of gross receipts tax. *Suzy's Bar & Grill, Inc. v. Kansas City*, 580 S.W.2d 259, 261 (Mo. banc 1979). That distinction need not be made here. The Board's amendment of Ordinance 59112 after its pre-election publication by Ordinance 59207 clearly incorporates the definitions of the sales tax portion of Chapter 144, the Sales and Use Tax Act. Sections 144.010–144.510, RSMo 1986. The city distributed the Optional Missouri Sales/Use Tax Formula chart to sellers for use in figuring the tax and collecting it from purchasers at the time of sale. Moreover, the city implicitly conceded this point in argument and in its brief.

The question as submitted on June 5, 1984 to the voters follows:

Shall a fee of Five Dollars per employee per month be imposed on all employers employing persons in the city of St. Louis in addition to any business, merchants and manufacturers license taxes and fees as are presently imposed by ordinance and a tax of ⅜ of 1% upon gross receipts in addition to any other tax currently in effect, be levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable services at retail in the City of St. Louis?

Yes [ ]

No [ ]

Ordinance No. 59112, §§ 2–3.

In the first place, § 94.510 requires that any sales tax proposal be clearly designated as such. This ordinance fails to meet that minimum requirement since the term "sales tax" does not appear.

Moreover, while the statute does not specify that the proposition be limited to a single tax proposal, reference is made to "*a city sales tax* for the benefit of such city." § 94.510.1 (emphasis added). This usage of the singular may not mandate that not

more than a single sales tax proposal be submitted within a proposition covered by the City Sales Tax Act or that a sales tax proposal be the only proposition appearing within the ballot. But this Court does not read that singular usage and the statute's sample ballot with which a tax proposal must "substantially" comply to allow the form employed in Ordinance 59112. The clause which opens Ordinance 59112 first describes an "employee tax" and then sets out a tax of ⅜ of 1% upon gross receipts midway through a long proposition. Since we find that latter clause to be a sales tax, the form under which Ordinance 59112 was submitted does not comply with the statute. This invalidates the second "sales tax" portion of Ordinance 59112.

Respondent claims the expansive power granted to it through the Home Rule Amendment should shelter this ordinance from appellant's challenge. The Home Rule article provides:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, *provided such powers* are consistent with the constitution of this State and *are not limited or denied either by the charter so adopted or by statute.*

Mo. Const. art. VI, § 19(a) (emphasis added). At one time, the guiding principle of the city's power to tax was that it "must be based on specific or clearly implied authority." *State ex rel. Agard v. Riederer*, 448 S.W.2d 577, 579 (Mo. banc 1970). Since that time, this Court has recognized the considerable latitude granted to a constitutional charter city in the exercise of its powers, including the taxing power, as granted under § 19(a). *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208, 210 (Mo. banc 1986). "[T]he municipality possesses all powers which are not limited or denied by the constitution, by statute, or by the charter itself." *Id.* (citing *Hannah ex rel. Christ v. City of St. Charles*, 676 S.W.2d 508, 512 (Mo. banc 1984)). In addition, a city "may legislate in a field occupied but not preempted by the state." *Ruggeri v. City of St. Louis*, 441 S.W.2d 361, 365 (Mo.1969).

■ For illustration, this Court accepts respondent's implicit argument that the sales tax "field" is not preempted or denied by the state's City Sales Tax Act. Nonetheless, § 19(a) is partially self-limiting. Even if the power to pass this ordinance is sheltered by the broad umbrella of § 19(a), whether the Board's action is "limited or denied either by the charter so adopted or by statute" remains a question. *Cape Motor Lodge*, 706 S.W.2d at 210. Section 94.-510.1 is exactly that sort of limitation. The City Sales Tax Act requires that a sales tax be passed in a prescribed manner and the Board did not comply.

For similar reasons, this Court finds that the special employer tax is also invalid. When the people have demonstrated their will at the polls, this Court must uphold that result if possible. *Buchanan v. Kirkpatrick*, 615 S.W.2d 6, 12 (Mo. banc 1981). However, a bill submitted to voter approval shall not "contain more than one subject, which shall be clearly expressed in the title." Charter of the City of St. Louis, Missouri, art. IV, § 13. *See 508 Chestnut, Inc. v. City of St. Louis*, 389 S.W.2d 823, 828–29 (Mo.1965).

■ The sales tax and the employer's fee are completely different subjects. The challenged ordinance is invalid because it contained more than one subject in violation of the City's charter. Neither is the title of the proposition submitted (which virtually replicates the body of the proposal) a "clear" expression of the subject matter of this bill inasmuch as that title does not contain the term, "sales tax." *See, 508 Chestnut*, 389 S.W.2d at 829 (where art. IV, § 13 is said to require an honest title which indicates the general contents of the bill). This too violates the Charter article.

For the reasons previously stated, Ordinance No. 59112 is invalid in both of its parts, the judgments are reversed, and the causes are remanded for further proceedings consistent with this opinion.

HIGGINS, C.J., and DONNELLY, WELLIVER, ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

BLACKMAR, Judge, concurring.

The holding that the challenged ordinance submitted to the voters "is invalid because it contained more than one subject in violation of the City's charter" is sufficient to decide the case. We simply cannot tell whether the voters would have approved both of the revenue measures, if they had been submitted separately. The common element of raising revenue is too broad an umbrella to cover both of these very different taxing measures. *508 Chestnut, Inc. v. City of St. Louis*, 389 S.W.2d 823, 828–29 (Mo.1965) is distinguishable because the classification of "license taxes" is sufficiently narrow.

Inasmuch as there is a violation of the plural subject provision, no part of the ordinance can stand. Any holding that a part could retain validity would defeat the purpose of art. IV, § 13 of the Charter.

I agree with the discussion of the proper method for submitting a "sales tax" to the votes, but see no need to comment on whether the Board of Aldermen might resuscitate a "gross receipts tax" approved by the voters but then improperly converted into a sales tax by the Board.

The judgment is properly reversed.