**Stephen STOUP, Plaintiff–Appellant,**

v.

**BOARD OF TRUSTEES OF PENSION FUND OF the CITY OF FERGUSON, Mo. et al., Defendants–Respondents.**

No. 57171.

Missouri Court of Appeals, Eastern District, Division Two.

May 9, 1990.

Richard A. Barry, III, St. Louis, for plaintiff-appellant.

Chester B. Hayes, Florissant, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This is an appeal from a judgment entered in the St. Charles County Circuit Court affirming the decision of the Board of Trustees of the Pension Fund for the City of Ferguson refusing appellant's application for a disability pension. We affirm.

Appellant was hired by the City of Ferguson on March 3, 1969 as a radio dispatcher for the police department. At the time of his employment the City was well aware that he was suffering from a congenital back injury that restricted him from doing certain types of work. His duties as a dispatcher consist primarily of answering the telephone, monitoring the radio and operating a computer terminal. All of this equipment is in one room and he can sit or stand while performing his duties. He primarily uses his voice, arms and hands while working and has no restrictions as to the use of his hands or arms. His duties do not require considerable movement and he is not required to do any heavy lifting.

On July 3, 1984, a wheel came off of appellant's chair at work and while attempting to brace himself he wrenched his back. Since that time he alleges that he has experienced low back pain which seems somewhat worse than it was before the accident. After the accident appellant was treated by a chiropractor who reported he was showing excellent progress, with his only job restrictions being that he not be required to work more than his normal shift. The chiropractor further reported that no further disability was sustained by him as a result of this injury. Appellant requested and was given a leave of absence from his work for surgery on May 19, 1986. Surgery was not performed and he has not returned to work since that date.

Appellant presently lives at home with his mother and states he can not perform tasks such as dusting, cooking, driving an automobile, walking, sitting, painting, piano playing, mowing lawns, trimming bushes, etc. He also denies he can do any lifting, roof repairs, or house painting. His testimony was contradicted at the hearing by a private investigator. The investigator stated that on three different days he observed appellant performing such tasks as carrying a ladder, climbing on a ladder, painting the house, pumping a canister, carrying this canister up a ladder, digging up bushes with a long handled shovel, and sitting on the trunk of an automobile. All these events were videotaped by the investigator.

Furthermore, a rehabilitation counselor testified on behalf of the respondent, after reviewing all the medical evidence, observing appellant's work place, viewing the videotape of him working around the house, and calling upon his experience in this area, that he was of the opinion appellant was able to continue working as a radio dispatcher.

Appellant has been seen and evaluated by a number of doctors since the time of the accident. Their opinions vary as to the degree of appellant's disability. During this period appellant performed his duties as a radio dispatcher satisfactorily and there were no complaints as to his job performance. Further facts will be provided as needed.

Appellant's first point on appeal asserts the decision of the Board was violative of § 536.140.2 RSMo 1986 in that the Board ignored or disregarded substantial, competent and uncontroverted evidence supporting appellant's entitlement to the grant of a disability retirement pension. He claims this rendered the Board's finding arbitrary, capricious and unreasonable.

As a general rule there is a strong presumption favoring the validity of a decision by an administrative tribunal and we are most reluctant to interfere with their findings. *Conder v. Board of Directors of Windsor School*, 567 S.W.2d 377, 379 (Mo.App.1978). *Bell v. Board of Education of City of St. Louis*, 711 S.W.2d 950, 955 (Mo.App.1986). The Board's decision must be reviewed based on the facts presented at the hearing. We must determine if their finding is supported by competent and substantial evidence based on review of the whole record, with all evidence and legitimate inferences therefrom viewed in the light most favorable to their decision. *McCall v. McCall Amusement, Inc.*, 748 S.W.2d 827, 828 (Mo.App.1988). We therefore generally should not substitute our judgment on the evidence for that of the administrative board. *See Heitzler v. Eppenberger*, 596 S.W.2d 458, 461 (Mo.App. 1980).

■ Section 2–601 of the Ordinances of the City of Ferguson provides in pertinent part as follows:

A non uniformed employee who is a participant . . . may be retired under the subsection at any time prior to his normal retirement date if it is determined by the board *that he is no longer able properly and satisfactorily to perform his regular duties as an employee because of total and presumably permanent disability* resulting from personal injury or sickness, physical or mental incapacity. (Emphasis added).

In reaching the conclusion appellant was able to properly and satisfactorily perform his duties as a radio dispatcher the board had before it various medical opinions concerning the extent of appellant's disability. Only one of the eight opinions given concluded he was 100% disabled and therefore unable to work. While the remaining physicians differed as to the extent of the disability no one else concluded he was unable to work. He contends due to his disability he can no longer function in the capacity of radio dispatcher. The record reveals he never stated he was unable to perform the tasks required of him. He testified occasionally he must alternately sit down, stand up and walk. Those activities are generally duties of a dispatcher and are not unusual.

Additionally, evidence presented at the hearing reflects appellant did perform the usual tasks required of him as a radio dispatcher and even more strenuous work. He denied, under direct examination, he could do any arduous work. A dark shadow was cast over this testimony. A private detective, retained by respondent, testified he observed and videotaped appellant performing various tasks around his home on three different occasions. On November 6, 1986 he saw him carry a six foot ladder, climb on it and do some repair work on his home which required hammering. He remained on the ladder between twenty and thirty minutes. On November 7, 1986 he observed appellant painting his house. He had carried a twenty-five to thirty foot ladder and set it up in front of the house. He climbed up the ladder and painted for most of the afternoon. During this time he carried a paint bucket, paint brush and, at times, a paint roller. He would stand on the ladder and paint without the use of his hands to support himself. At times he would crouch and at other times would reach over his head to paint. This painting went on for several hours. On November 8, 1986 he was again observed to be painting the house and moving the ladder. He was also observed sitting on the trunk of a vehicle. He got on the vehicle by placing his hands behind him and pushing off the trunk lifting himself up. He was also observed cleaning the gutters while standing on a ladder; bending over and pumping a canister; and carrying the canister up the ladder. On April 25, 1987 the detective observed appellant digging up a number of plants with a long handled shovel. The totality of this evidence, along with the medical testimony and the testimony from the rehabilitation counselor, all indicated appellant could perform the duties of a radio dispatcher and leads us to conclude that the Board's decision was not clearly contrary to the overwhelming weight of the evidence. Point denied.

■ Appellant's second point on appeal alleges the decision of the pension board was again violative of § 536.140.3 RSMo 1986 in that the board erroneously applied its pension entitlement regulation to the facts of his appeal. He bases this on the fact the board noted in its decision appellant retained the "functional capability" to properly and satisfactorily perform his regular duties as an employee. He charges this is grafting additional language and requirements onto § 2–601 of the Ferguson Ordinances.

It is evident from our review of the Board's decision that § 2–601 of Ferguson's Ordinances was the legal standard used in deciding appellant's appeal. In its "conclusions of law", the Board noted the applicability of that section to his case. The Board noted this section not only conferred jurisdiction upon the Board to hear disability cases, but further, pursuant to that section, stated specifically that an employee may retire prior to his early retire-

ment date if the Board determines the employee is no longer able to properly and satisfactorily perform his duties as an employee namely as a radio dispatcher. They then concluded that the objective evidence clearly showed that appellant was functionally capable of performing all of the duties of a radio dispatcher, if not more. We fully agree with the Board and find they correctly interpreted and applied § 2–601 of the Ordinances of the City of Ferguson. Appellant's point is without merit. Point denied.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.