**STATE of Missouri, ex rel. Robert J. BAER, et al., Relators,**

v.

**The Honorable Robert CAMPBELL, Judge of the Circuit Court of St. Louis County, Missouri, Division 15, Respondent.**

No. 58208.

Missouri Court of Appeals,
Eastern District,
Division One.

July 31, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 29, 1990.

C. John Pleban, St. Louis, for relators.

Rodolfo Rivera, Clayton, for respondent.

PUDLOWSKI, Presiding Judge.

Relators, former members of the Board of Police Commissioners of the City of St. Louis, seek a writ of prohibition against respondent, Judge Robert Campbell, for compelling relators to produce confidential records pertaining to disciplinary action taken against police officers.

On April 16, 1987, St. Louis Police Officer Michael Janz (Petitioner) was charged with failing to patrol his assigned beat in violation of Rule 3, § 3.115(c) of the Police Manual, loafing while on duty in violation of Rule 7, § 7.011(c),[1] and not being properly attired in the prescribed duty uniform in violation of Rule 10, § 10.023. Following an evidentiary hearing, relators ordered petitioner to be reduced to the rank of Probationary Police Officer for seven months.

Petitioner then requested that the Circuit Court of St. Louis County review his reduction in rank under Chapter 536 RSMo (1986). During the course of the review proceeding, petitioner filed a motion to produce, seeking to compel relators to produce their confidential records pertaining to disciplinary action taken against other police officers charged with the same infractions. Specifically, petitioner requests copies of all proceedings and related records of individual police officers who, within the last three years, have been charged by relators with failure to patrol their assigned beat, loafing and improper dress.

Respondent overruled relator's objections to petitioner's request for production of documents and ordered the production of the document. Relators filed their writ of prohibition on April 3, 1990. On April 27, 1990, we entered a preliminary order in prohibition.

When an administrative action involves the exercise of discretion, a reviewing court has no power to review the agency's decision de novo. *Cox v. City of Columbia,* 764 S.W.2d 501, 504 (Mo.App. 1989). The relators are vested with broad discretion to impose discipline for the violation of department rules and regulations. Therefore, the hearing before respondent is limited to a review of the record and the court may not review this matter de novo. *Id.*

Under § 536.140.2 RSMo 1986 a court may review the agency's action to determine whether it is unsupported by competent and substantial evidence upon the whole record; arbitrary, capricious, unreasonable; or an abuse of discretion. However, a court may not substitute its discretion on the issue of punishment for that of the Board under the guise of applying these standards of review.

An administrative decision is arbitrary, capricious or unreasonable only when it is not based on substantial evidence. *Edmonds v. McNeal,* 596 S.W.2d 403, 407 (Mo. banc 1980). In reviewing an agency's imposition of punishment the evidence must be reviewed in the light most favorable to the Board's findings and its decision can be reversed only if there is no substantial evidence in support of it. *Ewbank v. Sayad,* 669 S.W.2d 566, 567 (Mo. App.1984).

Petitioner argued that relators imposed an excessive punishment for the infractions with which petitioner was charged under the Police Manual and that such deviation makes relators' conduct arbitrary and capricious. However, the Board's punishment was well within the range of discipline imposed for the violations which were described. Rule 7 of the Police Manual sets out the range of discipline available. Prior to the evidentiary hearing Officer Janz knew the range of discipline and rejected an offer in exchange for an admission of the charged violations.

---

1. At oral argument counsel advised the court that Officer Janz and his partner were sleeping while on duty.

Section 7.017 states that the range of recommended disciplinary action includes oral reprimand; written reprimand; disciplinary leave; disciplinary suspension; reduction in rank; dismissal. Therefore the relators clearly acted within the range of punishment permitted by their rules.

■ Therefore, under the proper standard of review, as set out above, respondent cannot substitute his judgment for that of the Board once respondent finds that there is ample evidence to support the findings that petitioner violated a rule or regulation of the department. Any records that relators might produce involving discipline in similar cases are not material to the court's inquiry on review.

Writ of prohibition made absolute.

SIMON, C.J., and HAMILTON, J., concur.