**James Anthony MOORE,**
**Plaintiff/Respondent,**

**v.**

**CITY OF UNIVERSITY CITY, Missouri,**
**Defendant/Appellant.**

**No. 62090.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 20, 1993.

Shulamith Simon, St. Louis, for defendant/appellant.

Rick Barry, Donna Aronoff Smith, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

City appeals the trial court's reversal of City Manager's decision upholding the termination of plaintiff/officer's employment with the police department. Its sole point on appeal alleges City Manager's

decision was supported by competent and substantial evidence on the whole record. We agree and reverse.

### I.

Officer was a member of the University City Police Department. His employment was terminated in December, 1988, as a result of an internal affairs investigation of statements he made in connection with a speeding ticket. He appealed his discharge to the Civil Service Board.

After a hearing, the Board found that officer had been suspended for five days for an incident occurring earlier that year. It also found officer had made a false statement in connection with the speeding ticket that he issued.

The Board, acting in an advisory capacity only, concluded that the discharge was justified. It sent a copy of the transcript of the proceedings and its recommendation to City Manager. City Manager reviewed the transcript and upheld the discharge, adopting the Board's findings and conclusions.

Officer petitioned for judicial review. The trial court found there was "insufficient competent evidence on the record as a whole to support the finding of the Civil Service Board." It thus reversed City Manager's decision terminating officer's employment.

### II.

City argues the trial court erred in reversing City Manager's decision terminating officer's employment "in that the City Manager's decision was supported by competent and substantial evidence on the whole record viewed in the light most favorable to [that] decision."

■ This dispute is a contested case within the meaning of chapter 536, RSMo 1986. Although the Board conducts the hearing and makes its recommendation to the City Manager, the City Manager makes the final decision for the City. *See Medvik v. Ollendorff,* 727 S.W.2d 473 (Mo.App. E.D.1987). We review the decision of the City Manager, not the judgment of the trial

court. *See Brougham v. City of Normandy,* 812 S.W.2d 919, 921 (Mo.App.E.D.1991).

■ Our scope of review is limited by § 536.140.2, RSMo 1986. Here, we review to determine whether City Manager's decision "is unsupported by competent and substantial evidence upon the whole record; arbitrary, capricious, unreasonable; or an abuse of discretion." *See State ex rel. Baer v. Campbell,* 794 S.W.2d 690, 691 (Mo.App.E.D.1990) (citing § 536.140.2). We view the evidence with all its permissible inferences in the light most favorable to City Manager's decision. *See Brougham,* 812 S.W.2d at 921.

The evidence presented shows that officer issued a speeding ticket in May, 1988. One month later, officer wrote a memo stating, "I would like to void the speeding ticket.... Not sure that the speed was correct." Above the word "void," officer had written "NP."[1]

Despite this assertion, in response to an internal affairs investigation, officer admitted he "did not doubt [the ticket's] accuracy." At the hearing before the Board, officer testified he answered the internal affairs investigation questions truthfully.

Further, evidence presented by officer showed that in March of 1988, he had been disciplined for striking a witness at the scene of a stabbing. Officer did not appeal that decision.

Here, the evidence supported City Manager's decision. We cannot substitute our judgment on the evidence for that of City Manager. *Stoup v. Board of Trustees of Pension Fund,* 789 S.W.2d 221, 222 (Mo. App.E.D.1990). Point denied.

### III.

In support of the trial court's decision, officer alleges the "entire course of proceedings denied [him] ... his constitutional right to due process...." We disagree. Even assuming errors were made, officer has not demonstrated any prejudice.

---

1. We assume "NP" means nolle pros.

## A. Pre–Hearing Proceedings

First,[2] officer contends that City attempted to deny him a hearing because he had been placed on probationary status as discipline for the incident at the stabbing scene. Although City did make such an attempt, officer filed a petition in mandamus to obtain a hearing. The petition was granted. Thereafter, upon officer's request, a scheduled hearing was postponed to a mutually agreed date.

Next, officer claims City "refus[ed] to provide access to witnesses."[3] Officer moved to compel issuance of subpoenas. The trial court issued orders directing issuance of subpoenas. Subpoenas were issued.

## B. Unconstitutional Denial of Fair Hearing

Officer objects to introduction of evidence concerning the prior disciplinary incident because he "was not notified that the prior charge was one of the grounds for his ... discharge."

At the hearing, when City attempted to introduce this evidence, officer objected and requested a continuance. Although officer's request was denied, the hearing was in fact continued for approximately six weeks, albeit for another purpose. Consequently, officer had an opportunity to prepare a defense.

Next, officer argues that the testimony of one of City's witnesses was hearsay evidence. When City rested, officer moved for a dismissal because City's evidence was hearsay. The Board denied officer's motion, and instead continued the hearing to a later date. The chairman of the Board expressed his hope that the City "would be able to produce witnesses who would be able to testify, of their own knowledge, with regard to the incidents which led to the discharge."

Officer objects to the Board's re-opening of City's case. However, officer has not brought to our attention any statute, rule, or case prohibiting the action taken here, nor are we aware of any.

When the hearing resumed, City presented non-hearsay testimony. "[R]eception of hearsay evidence does not dictate a reversal of the agency decision unless there is not sufficient competent evidence to sustain the decision." *See Franklin v. Board of Directors, School Dist. of Kansas City,* 772 S.W.2d 873, 883 (Mo.App.W.D.1989).

## C. Entire Proceedings

Although officer maintains the entire proceedings "reek" of due process violations, officer has not demonstrated prejudice.

The judgment of the trial court is reversed. We remand to the trial court to reinstate City Manager's decision terminating officer's employment.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

**2.** Officer maintains he was denied the opportunity to be heard before he was discharged. We do not address this issue because officer did not raise it in his petition for judicial review before the trial court.

**3.** Officer also argues in his brief that City refused to provide access to documentary evidence. We do not reach this issue because officer did not raise it in his petition for judicial review to the trial court.