Robert KUKULJAN, Appellant,

v.

**METROPOLITAN BOARD OF POLICE
COMMISSIONERS, Respondent.**

No. 63302.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 1, 1994.

Martin & Malec, James M. Martin & Heidi L. Leopold, St. Louis, for appellant.

Whitfield, Montgomery & Staples, P.C., Harold L. Whitfield, St. Louis, for respondent.

KAROHL, Judge.

Police Officer Robert Kukuljan (Kukuljan) appeals the dismissal of his Petition for Review of an order of the Metropolitan Board of Police Commissioners (Board). The Board found that Kukuljan violated Rule 3, § 3.115(c), Rule 9, § 9.001(b), and Rule 7, § 7.004 of the Police Manual of the Metropolitan Police Department (Police Manual). The Board ordered Kukuljan's rank to be reduced to Probationary Police Officer for a period of not less than six months as to each charge, to be served concurrently. Kukuljan appeals claiming the Board was biased and prejudiced and that the penalty assessed was excessive. We affirm.

On August 3, 1988, Kukuljan was a Police Officer with the St. Louis City Metropolitan Police Department and was on duty, assigned to the First Police District. While on duty, he went to a convenience store on the corner of Gravois and Loughborough. This store is located outside his assigned patrol area. Others present at the convenience store were Police Officer Lisa Pisciotta, two other employees of the police department, Mary Rausch and Val Henry, and store employee, Jeannie Ludwig. While at the store, Kukuljan used the restroom facilities, obtained a cup of coffee and talked with the others at the store. About fifteen to twenty-five minutes after Kukuljan arrived at the convenience store, Stanley Eaves ran through the front door of the store pursued by three off-duty probationary police officers. Eaves was eventually handcuffed and placed under arrest. Kukuljan was informed by one of the probationary officers that his assistance was not needed and thereafter he left the convenience store.

Shortly after his arrest, Eaves complained that the officers involved in his arrest had used excessive force in apprehending him and that one of the officers had struck him in the face after he had been handcuffed. Kukuljan's superiors asked him whether he had witnessed any physical abuse of Eaves by the arresting officers. Kukuljan told his superiors that he did not witness any abuse. The following day Kukuljan was ordered to prepare a report concerning the arrest of Eaves. Sometime thereafter Kukuljan changed the account of the incident he had given and informed his superiors that he had, in fact, witnessed one of the probationary officers punch Eaves in the face after Eaves was handcuffed.

Kukuljan was charged with violating Police Manual Rule 3, § 3.115(c) (being off his beat and congregating); Rule 9, § 9.001(b) (disobeying orders); and, Rule 7, § 7.001(b) (conduct bringing discredit upon the Police Department and himself due to conflicting versions of the incident). After a full hearing, the four member Board unanimously found Kukuljan guilty of all charges.

■ We do not review the circuit court's decision. Our review is limited to a determination of whether the Board's findings and order are supported by competent and substantial evidence. *Jackson v. Sayad*, 741 S.W.2d 847, 850 (Mo.App.1987). We review the evidence in a light most favorable to the Board's decision and we may not substitute our judgment for that of the Board on matters of fact. *Id.* If there is substantial and competent evidence supporting the charges the decision must stand. *Id.*

■ Kukuljan appeals the Board's decision contending the Board abused its discretion because it was biased and prejudiced which denied Kukuljan a fair and impartial hearing.

Kukuljan alleges bias and prejudice on the part of the Board because one of the commissioners on the Board was John Frank, the father of one of the off-duty probationary

officers accused of assaulting the suspect, Eaves, at the convenience store.

 The court indulges a strong presumption in favor of the validity of an administrative determination and will not assume that an administrative body was improperly influenced absent clear and convincing evidence to the contrary. *Gamble v. Hoffman,* 732 S.W.2d 890, 894 (Mo. banc 1987). The appellant must carry the burden of overcoming this presumption. *Id.*

Prior to the hearing by the Board, Kukuljan filed a Motion to Dismiss the charges pending against him. In the motion, he alleged:

> That ... many of these allegations set out by [Kukuljan] in his August 16, 1988, complaint to the Chief of Police involve the son of the former president of the Board ... [Kukuljan] avers and believes that investigation in this cause has been slanted and the investigation of his complaint has been discontinued, all due to what appears to be the desire of Internal Affairs to hide the true occurrences of August 3, 1988. . . .

This motion to dismiss was taken and considered with the case. After reviewing and considering the allegations and statements in support of the motion to dismiss and the testimony adduced and evidence produced at trial, the Hearing Officer overruled the motion to dismiss in the Memorandum and Order.

After the Board rendered its decision Kukuljan filed a Petition for Review in which he alleged:

> That the findings of fact, conclusions of law, statement and order of the ... [Board] ... are not supported by competent and substantial evidence considered on the record as a whole or otherwise made upon improper and unlawful procedure in ... the following ... respects:
>
> A. That [the Board] herein should not have heard this matter and should have disqualified itself upon the request and motion of [Kukuljan] ... in that one of its then active members [John Frank] was the father of one of the individuals accused of misconduct by [Kukuljan]. . . .

Kukuljan's Petition to Review Administrative Decision was directed to the Metropolitan Board of Police Commissioners, City of St. Louis: David Robbins, President; James F. Conway, Vice President; Nesby Moore, Purchasing Member; Rita Krapf, Treasurer; and Hon. Vincent Schoemehl, Ex Officio. Kukuljan alleged "the respondents, Robbins, Conway, Moore, Krapf and Schoemehl, were members of and constituted the Board ... and had general authority over commissioned members of [the] police force and were further authorized to conduct hearings and make findings thereon." Kukuljan's disciplinary hearing was held between October 21, 1989 and October 27, 1989. Present at the hearing on behalf of the Board was David A. Robbins. The hearing officer was John J. Riley.

There is nothing in the record to indicate that John Frank was a member of the Board at the time of Kukuljan's hearing. He was a Commissioner from March 15, 1985 to May 12, 1989. He was a Commissioner when the convenience store incident occurred. However, he was not a member of the Board at the time of Kukuljan's hearing which began on October 21, 1989. Kukuljan has not alleged and proven any facts relating to acts or failures to act by the Board which would support his conclusion that there was bias or misconduct on the part of the Board, before or during the hearing.

Kukuljan does not argue the charges were not proven. Further, there is substantial evidence supporting a finding of guilt of the charges filed against Kukuljan. Count I charges Kukuljan with violating Rule 3, § 3.115(c) of the Police Manual which states in part: "Each police officer ... (c) shall constantly patrol his beat, except on special assignments and shall not lounge, loaf or gather with others at any place. . . ." The police department proved Kukuljan, while on duty on August 3, 1988, went to a convenience store located outside his patrol area. He had not been specially assigned outside his district on August 3, 1988. While at the convenience store, Kukuljan used the restroom facilities, had a cup of coffee and talked with others also at the store for at least fifteen to twenty-five minutes prior to the

incident involving the off-duty probationary officers.

Count II charged Kukuljan with violating Rule 9, § 9.001(b) of the Police Manual which states in part: "All orders of a superior must be observed and obeyed." The department proved that prior to August 3, 1988, an order had been issued by supervisory personnel in Kukuljan's district not to congregate with other officers at convenience stores located within his district and to avoid convenience stores not located within his assigned patrol area. Kukuljan testified he was aware of these orders.

Count III charged Kukuljan with violating Rule 7, § 7.004 of the Police Manual which states in part: "Every member of the Department shall conduct themselves in such a manner that no discredit will be brought upon the Department in general or themselves in particular." The evidence shows that when Kukuljan was originally questioned on August 3, 1988, about the incident involving the off-duty probationary officers, Kukuljan told his superior officers that he did not witness any physical abuse by any probationary officer toward Eaves. Kukuljan was ordered to prepare a written report concerning the incident involving Eaves. Kukuljan objected to writing the report on a number of grounds. Later, Kukuljan changed his account of the incident and informed his superior officers that he had, in fact, witnessed one of the off-duty probationary officers punch Eaves in the face after Eaves had been handcuffed.[1]

Kukuljan has not met his burden of overcoming the presumption in favor of the validity of the regularity of the administrative determination. *Gamble,* 732 S.W.2d at 894. This point is denied.

■ In his second point, Kukuljan contends the penalty imposed by the Board is excessive and not supported by substantial evidence.

■ The Board is vested with broad discretion to impose discipline for the violation of department rules and regulations.

*State ex rel. Baer v. Campbell,* 794 S.W.2d 690, 691 (Mo.App.1990). In reviewing an agency's imposition of punishment the evidence must be reviewed in the light most favorable to the Board's findings and its decision can be reversed only if there is no substantial evidence in support of it. *Id.*

In *Campbell, supra,* a St. Louis Police Officer was charged with failing to patrol his assigned beat in violation of Rule 3, § 3.115(c) of the Police Manual, loafing while on duty in violation of Rule 7, § 7.011(c) and not being properly attired in the prescribed duty uniform in violation of Rule 10, § 10.-023. Following an evidentiary hearing, the Board ordered the police officer's rank to be reduced to probationary officer for a period of seven months. *Id.* at 691. The police officer argued that the Board imposed an excessive punishment for the infractions with which he was charged. We found the Board's punishment was well within the range of discipline imposed for the violations. *Id.* We noted that Rule 7 of the Police Manual sets out the range of discipline which includes oral reprimand; written reprimand; disciplinary leave; disciplinary sanctions; reduction in rank; and dismissal. *Id.* at 692. The Board clearly acted within the range of punishment permitted by their rules. *Id.*

Kukuljan has not provided us with a legal file which contains a copy of the Police Manual or a copy of the rules he was found to have violated and the range of punishment for those rules. Kukuljan and the police officer in *Campbell,* both St. Louis City Police Officers, were found to have violated Rule 3 and Rule 7 of the Police Manual in addition to being found to have violated one other rule. In *Campbell,* the Board ordered the police officer's rank to be reduced to probationary officer for a period of seven months. Although the *Campbell* case was decided in 1990, Kukuljan has not provided us with anything in the record to indicate the range of punishment has changed.

The Board's finding that Kukuljan violated Rule 3, § 3.115(c), Rule 9, § 9.001(b) and

---

1. He claimed the content of some of his report was ordered by superiors. This was a matter of credibility for the Board.

Rule 7, § 7.004 is supported by competent and substantial evidence and there is nothing in the record to indicate that the punishment prescribed is excessive. This point is denied.

Judgment affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.