STATE of Missouri ex rel., CITY OF
SPRINGFIELD, Missouri,
Relator,

v.

Honorable Don BONACKER, Circuit
Judge, 31st Judicial Circuit,
Respondent.

No. 20631.

Missouri Court of Appeals,
Southern District,
Division Two.

May 6, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 1996.

Mary Stewart Tansey, Asst. City Attorney, Springfield, for relator.

Richard D. Crites, Springfield, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

PER CURIAM.

Tamela Wilson filed a petition in circuit court for judicial review of administrative actions taken by the city of Springfield, Mis-

---

**3.** Because of our disposition of the case, we deny Plaintiff's objection to Defendant's legal file and motion to strike.

souri (the city). The decision for which review was sought was rendered by the city manager on behalf of the city.[1] Ms. Wilson received a one-day suspension from her job as a telecommunicator at the city Department of Emergency Communication for an incident of misconduct that occurred November 25, 1990, and termination of employment for incidents of misconduct that occurred between November 25, 1990, and January 11, 1991.

Respondent judge entered an order denominated "Order Remanding Contested Case." It remanded the administrative decision "to the Personnel Board, City of Springfield, for compliance with Section 536.090, RSMo."[2] The order was premised on a conclusion that the personnel board was the city's decision-making authority on personnel matters rather than the city manager; that the final decision that should have been presented for review was that of the personnel board. Since no written decision of the personnel board was presented, the respondent judge concluded that requirements of § 536.090[3] had not been met and remanded the case to the city for compliance with that statute.

This court issued its preliminary order in prohibition directing respondent judge not to enforce the circuit court's Order Remanding Contested Case until further order of this court. The preliminary order in prohibition is made permanent.

■ The issue to be determined by this action is whether final personnel decisions of the city of Springfield are made by the city's personnel board or its city manager. This court finds, for the reasons that follow, that final personnel decisions are those of the city manager.

The city, having become a constitutional charter city through procedures established by Mo. Const. art. VI, § 19, is governed by its city charter. Section 3.1 of Article III of that charter provides for a city manager. Section 3.3 of Article III designates the city manager as the city's chief executive officer and administrative officer. The city manager's duties include appointment of and, "when necessary for the good of the service," removal of city officers and employees.

The city's personnel board is established by Article VI of the city charter. Its duties include advising the city council and the city manager on personnel administration problems. It hears appeals from disciplinary actions. The decision for which judicial review was sought states:

> Based on competent and substantial evidence on the record as a whole, ..., the recommendations of the Springfield Personnel Board in the consolidated appeals of Tamela Wilson are hereby affirmed. The 3-day suspension without pay administered against Tamela Wilson for swearing at a supervisor on November 25, 1990, is hereby revised in accordance with the recommendation of the Personnel Board to a 1-day suspension without pay,.... The termination of Tamela Wilson for acts of insubordination, disobedience of orders and directions, and offensive conduct, is hereby affirmed in accordance with the recommendation of the Personnel Board.

The circuit court concluded that the role of the city manager was "purely administrative." The order remanding the case states, "The City Manager has no power to affirm or agree with the Personnel Board's decision. The City Manager may only reverse or modify the decision of the Personnel Board. See Charter Section 6.10."

The applicable part of § 6.10 of Article VI of the city charter provides, "The board shall submit its recommendations to the city manager, who may at his discretion reinstate the employee or restore him to his former rank or compensation provided the decision of the

---

**1.** The decision was in writing. It included findings of fact and conclusions of law. *See* n. 2, *infra.*

**2.** § 536.090, RSMo 1986, requires final decisions that are subject to judicial review to be in writing. It requires those decisions "except in default cases or cases disposed of by stipulation, consent order or agreed settlement," to include or be accompanied by findings of fact and conclusions of law.

**3.** References to statutes are to RSMo 1986.

city manager shall be supported by competent and substantial evidence . . . ."

■ In construing city charter provisions, courts seek the intent of its drafters as gleaned from the language used. The words used are given their plain and ordinary meanings. *Associated Electric Co-op., Inc. v. City of Springfield,* 793 S.W.2d 517, 523 (Mo. App.1990). It is presumed that the enacting body intended a logical result. *Id.*

The drafters of Springfield's city charter provided that the city manager has authority to appoint and remove officers and employees of the city. It authorizes the city manager to delegate to heads of city departments or offices authority to appoint subordinates. The charter further establishes a personnel board. The personnel board's authority includes hearing personnel disciplinary appeals and submitting recommendations to the city manager.

The personnel board fits the classification established in Article XV of the city charter for an advisory board; a board "established for the purposes of investigation into general or specific problems affecting either the city as a whole or a particular department or agency thereof and making recommendation."

To interpret these city charter provisions as not making the city manager the final decision maker in personnel matters with authority to exercise discretion by "affirming" a "decision" of the personnel board would be illogical. It would reach a result that would be inconsistent with the intent gleaned from the plain meaning of the words utilized in the charter.

Further, the language of the charter, interpreted in this manner, affords a result consistent with statutory judicial review procedure. Sections 536.080 and .090 address procedures agencies must follow whose decisions are subject to judicial review by the courts.

Section 536.080 prescribes means for presenting arguments and records from hearings to individual officials who render final agency decisions in contested cases. Section 536.090 requires written agency decisions by the individual or individuals who make those decisions. Factual review by the courts is directed to whether the agency decision "[i]s unsupported by competent and substantial evidence upon the whole record." § 536.140.2(3). Springfield's city charter provides for the city manager to make personnel decisions "reduced to writing stating the reasons therefor" and which are "supported by competent and substantial evidence."

This court further observes that the procedures established in the Springfield city charter, and which are interpreted herein, are similar to those of other city charters that have been construed as establishing advisory boards for purposes of conducting hearings and recommending actions to city managers who make final decisions. *See Moore v. City of University City,* 851 S.W.2d 118 (Mo.App.1993), and *Medvik v. Ollendorff,* 727 S.W.2d 473 (Mo.App.1987).

As is suggested in the circuit court's order, the. language of § 6.10 of Article VI of the city charter does not specifically grant the city manager authority to "affirm" a decision of the personnel board. That is one means, however, by which the city manager may communicate his decision in personnel matters. This court holds that the actions taken by the city manager were within the discretionary responsibility conferred upon the city manager by the city charter. The city manager's actions were not merely administrative functions performed to facilitate decisions of the personnel board.

The preliminary order in prohibition is made permanent. The respondent is directed to take no action to enforce the order entered October 3, 1995, in the case of Tamela Wilson v. City of Springfield, Missouri, Greene County case number 191–CC–1627, that purported to remand the matters presented therein for administrative review to the Springfield Personnel Board for findings and conclusions.