**CEDAR COUNTY MEMORIAL HOSPITAL, Appellant,**

v.

**NEVADA CITY HOSPITAL, d/b/a Nevada Regional Medical Center, Respondent.**

No. WD 55161.

Missouri Court of Appeals, Western District.

Submitted Sept. 10, 1998.

Decided Feb. 9, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1999.

Reid F. Holbrook, Kansas City, for appellant.

Todd W. Ruskamp, Kansas City, for respondent.

Before SMART, P.J., and ELLIS and HOWARD, JJ.

JAMES M. SMART, Jr., Judge.

In this case, a public hospital in Cedar County seeks a judicial declaration as to the legality of an expansion into that county by a public hospital based in a neighboring county. The action is brought by Cedar County Memorial Hospital ("Cedar County Hospital") against Nevada City Hospital in an effort to block the latter's planned expansion into Cedar County. Upon defendant's motion, the trial court dismissed the declaratory judgment action on grounds that Cedar County Hospital lacked standing to bring such an action because the statute it relied upon did not create a private right of action.

### Factual Background

Cedar County Hospital is an acute care, county hospital located in Cedar County, Missouri, and organized under Chapter 205 of the Revised Statutes of Missouri. Cedar County is a county of the third classification pursuant to § 72.030, RSMo 1994. Nevada City Hospital, d/b/a/ Nevada Regional Medical Center ("Nevada Regional") is an acute care city hospital located in Vernon County, Missouri. In September, 1994, the Nevada Regional's board of directors authorized Nevada Regional to establish a rural health care clinic in El Dorado Springs, which is in Cedar County.

Believing that Nevada Regional was prohibited from expanding its operations into Cedar County, Cedar County Hospital filed a declaratory judgment action on November 19, 1996, seeking a judicial declaration that

Nevada Regional's establishment of the rural health clinic in El Dorado Springs would violate § 96.196, RSMo Cum.Supp.1996. Section 96.196.1 provides:

> A hospital organized under this chapter may purchase, operate or lease, as lessor or lessee, related facilities or engage in health care activities, except in counties of the third or fourth classification (other than the county in which the hospital is located) where there already exists a hospital organized pursuant to this chapter and chapter 205 or 206, RSMo; provided, however, that this exception shall not prohibit the continuation of existing activities otherwise allowed by law.

Nevada Regional filed a motion to dismiss the declaratory action, claiming that Cedar County Hospital failed to state a claim upon which relief could be granted. Nevada Regional argued that § 96.196 did not apply because Nevada Regional was organized and operated pursuant to Chapter 82 of the Revised Statutes of Missouri. Nevada Regional also contended that even if § 96.196 were applicable, Cedar County still could not maintain the action because no private right of action may be inferred from the statute.

On October 22, 1997, the trial court dismissed Cedar County Hospital's action, based upon the court's interpretation of § 96.196. Finding that the statute did not "expressly grant a private right of action to enforce any of its provisions and there is no clear legislative intent to establish a private cause of action," the court indicated that it was concerned that "permit[ting] plaintiff to proceed could subject defendants to multiple suits by other taxpayers and health care providers in Cedar County in the event the plaintiff is unsuccessful in this action." Cedar County Hospital appeals.

### Standard of Review

■ In reviewing the dismissal of a petition, we give the pleading "its broadest intendment" and treat all facts alleged as true. *Farm Bureau Town & Country Ins. Co. of Missouri v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995). We construe the petition favorably to the plaintiff in order to determine whether the averments contained therein "in-

voke substantive principles of law which entitle the plaintiff to relief." *Id.* (citing *Hagely v. Board of Educ. of the Webster Groves Sch. Dist.,* 841 S.W.2d 663, 665 (Mo. banc 1992)). We will affirm the ruling of the trial court if the motion could have been sustained on any of the meritorious grounds alleged in the motion. *Id.* (citing *Spearman v. University City Pub. Sch. Dist.,* 617 S.W.2d 68, 72 (Mo. banc 1981)). The sufficiency of a petition for declaratory relief depends upon "whether the parties show entitlement to a declaration of rights or status on the pleaded facts." *Lake Ozark Constr. Indus., Inc. v. North Port Assocs.,* 859 S.W.2d 710, 714 (Mo.App.1993) (citing *Teat v. Director of Revenue,* 806 S.W.2d 754, 757 (Mo.App.1991)). As an appellate court, our role is to determine the propriety of the trial court's legal conclusion. *Id.*

### Public Hospitals

Public hospitals in Missouri may be established pursuant to several different chapters of the Missouri Revised Statutes. Chapter 205 provides for establishment of county hospitals. Chapter 206 provides for the establishment of hospital districts. Municipalities are also permitted to form hospitals pursuant to Chapters 77, 79, 80, 81, 82 and 96. Section 82.240 deals with the acquisition and maintenance of hospitals by constitutional charter cities.

■ It is undisputed that Nevada Regional was originally formed in 1937, under Chapter 96 of the Missouri Statutes. In 1979, Nevada became a constitutional charter city, which is significant because constitutional charter cities have certain inherent powers which other cities do not. Cities which are not constitutional charter cities have only those powers expressly delegated by the state statutes or constitution. Section 82.240 allows a constitutional charter city to acquire land for hospitals and "to provide for managing controlling, and policing of the same." § 82.240, RSMo.1994. The Nevada City Charter recites that Nevada Regional was originally established pursuant to §§ 96.150 through 96.228, but that these sections are no longer controlling following Nevada City's reorganization as a constitutional charter

city.[1] A constitutional charter city is governed by its charter. *State ex rel. City of Springfield v. Bonacker*, 923 S.W.2d 467, 468 (Mo.App.1996).

## Private Right of Action

Cedar County Hospital contends that the trial court erred in finding that § 96.196 does not create a private right of action because the legislature did not articulate any means of enforcement and failure to allow such a private right of action would render the statute meaningless. In response, Nevada Regional contends that Chapter 96 contains means of enforcement other than a private right of action and that the creation of a private right of action is neither appropriate nor necessary to further the purpose of the legislation. Nevada Regional also argues that the trial court's decision can be affirmed on the separate ground that § 96.196 is not applicable because Nevada Regional is not a Chapter 96 institution, and the statute, by its terms, applies only to hospitals formed under Chapter 96. The statutory provision in question, § 96.196.1 provides as follows:

A hospital organized under this chapter may purchase, operate or lease, as lessor or lessee, related facilities or engage in health care activities, except in counties of the third or fourth classification (other than the county in which the hospital is located) where there already exists a hospital organized pursuant to this chapter and chapter 205 or 206, RSMo; provided, however, that this exception shall not prohibit the continuation of existing activities otherwise allowed by law.

Cedar County Hospital argues that it is entitled, by the inference of a private right of action, to bring an action for a judicial declaration as to the illegality of Nevada Regional's proposed expansion into Cedar County.

The plain wording of the statute suggests that the purpose of the 1996 amendment to the statute was to keep public hospitals from expanding into third or fourth class counties (such as Cedar County). We speculate that there might have been a concern underlying the amendment (whether or not the concern is realistic) that if a county hospital such as Cedar County Hospital is forced to shut down due to competitive pressures, and then the hospital which expanded into the area elects to leave the county, the inhabitants of the county would be left with no established hospital facility. However, we need not decide whether the hospital is entitled, by means of an inferred private right of action, to enforce the provisions of this statute, in view of the fact that the record shows that § 96.196 is not applicable to Nevada Regional.

## Nevada Regional's Authority

As a constitutional charter city, Nevada has all the "powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute." Mo. Const. art. VI, § 19(a). Considerable latitude is granted a constitutional charter city in the exercise of its powers. *ACI Plastics, Inc. v. City of St. Louis*, 724 S.W.2d 513, 516 (Mo. banc 1987) (citation omitted). Such a city possesses "all powers which are not limited or denied by the constitution, by statute or by the charter itself." *Id.* (quoting *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208, 210 (Mo. banc 1986)). A constitutional charter city may operate outside of its city limits. *Associated Elec. Coop., Inc. v. City of Springfield*, 793 S.W.2d 517, 521 (Mo.App.1990).

On November 2, 1937, Nevada Regional was established as a city hospital by city ordinance No. 1789 after the city's voters approved an annual tax for the establishment and maintenance of the hospital. The ordinance provided that the mayor, with the approval of the city counsel, would appoint a board of five trustees to act as officers and

1. Although there was no trial record below, we rely upon the city ordinances and the city charter which were attached to the parties' pleadings and motions below. These documents are not disputed as to authenticity or content. Thus, we can affirm the dismissal as though the trial court had granted summary judgment pursuant to Rule 74.04 because the record shows that, as a matter of law, Nevada Regional is entitled to prevail.

agents of the City of Nevada in governing the hospital.

On June 5, 1979, the citizens of the City of Nevada voted to enact a constitutional charter pursuant to Article VI of the Missouri Constitution and Chapter 82 RSMo. Thereafter, in § 2–9 of the Nevada City Code, the City of Nevada provided that a city hospital shall be established, equipped, maintained and operated in the city for the care and treatment of the sick and disabled and to secure the general health of the city. That section of the code contains a historical note stating that the city hospital was originally established under §§ 96.150 through 96.228, RSMo. It states that those sections are no longer controlling by reason of the city's powers following reorganization as a constitutional charter city. Section 2–10 of the city code establishes a board of trustees known as the "Board of Trustees of Nevada City Hospital," for the control, management and operation of the city hospital, and as an agency and department of the city. Section 2–11 provides for the appointment of nine directors for the board of directors of the Nevada Regional Medical Center. The directors are to be appointed by the mayor with the approval of the city council. The city code also contains extensive provisions relating to the appointment, qualifications, term of office and financial responsibilities of the board of trustees.

### "Organized Under this Chapter"

Section 96.196 applies only to hospitals "organized" pursuant to Chapter 96. Nevada City Hospital was originally formed and organized pursuant to Chapter 96. However, the city's documentary history shows that following the reorganization of the city to a constitutional charter form of government, the city consciously rejected its previous organization and operation under Chapter 96 and chose instead to reorganize under its authority as a constitutional charter city. Prior to its reorganization as a constitutional charter city, the city had only such powers as were delegated to it by Missouri Constitution and the statutes. As a constitutional charter city, the city had inherent power to operate a hospital. The city no longer needed Chapter 96 as authority for the operation of its hospital and chose to rest the authority for the operation of the hospital on its inherent authority as a constitutional charter city. The hospital was then in fact reorganized under the city code. This is reflected, for instance, in the fact that the membership of the board of trustees was expanded from five members to nine. Numerous other provisions related to the operation of the board and the hospital were adopted in the city code. Accordingly, we agree with the contention of Nevada Regional that the hospital is no longer a hospital "organized under Chapter 96."

The clear language of § 96.196 prohibition against expansion by hospitals into third and fourth class counties having an existing public hospital applies only to Chapter 96 hospitals. In its petition, Cedar County Hospital bases its claim for relief entirely on § 96.196. Cedar County Hospital does not argue in that petition that the statute is somehow applicable as to a hospital not formed under Chapter 96. Accordingly, we hold that Section 96.196 cannot be invoked by Cedar County Hospital to block Nevada Regional's expansion into Cedar County.

### Conclusion

The trial court dismissed the action on the ground that Cedar County Hospital lacked standing to bring the action in question. Although we do not reach the merits of that determination, we nevertheless affirm the trial court on the separate ground that judgment was properly entered for the defendant because § 96.196 has no application in the case at hand. The judgment of dismissal for failure to state a claim upon which relief could be granted was properly entered below. The judgment is affirmed.

ELLIS and HOWARD, JJ., concur.