Robert BICKL, Respondent,

v.

Wayman F. SMITH, III, Anne–Marie Clarke, Jeffrey Jamieson, Robert Haar, Clarence Harmon, Ex–Officio as Members of the Board of Police Commissioners, City of St. Louis, Appellants.

No. ED 76485

Missouri Court of Appeals, Eastern District, Division Five.

June 20, 2000.

Application for Transfer Denied Aug. 29, 2000.

Priscilla F. Gunn, Todd L. Beekley, Brian D. Kennedy, St. Louis, for appellants.

Neil J. Bruntrager, St. Louis, for respondent.

MARY RHODES RUSSELL, Chief Judge.

The Board of Police Commissioners, City of St. Louis ("Board"), appeals the judgment of the trial court reversing Board's decision to suspend Officer Robert Bickl ("Bickl") for ten days without pay. We find the Board's decision was supported by competent and substantial evidence on the whole record. The judgment of the trial court is reversed, and the case is remanded with an order to reinstate the Board's decision.

We review the evidence in a light most favorable to the Board's decision. *Kukuljan v. Metro. Bd. of Police Com'rs,* 871 S.W.2d 119, 120 (Mo.App.1994).

Bickl is a police officer with the City of St. Louis with twenty-one years of service. On August 1, 1994, he was a beat officer on Laclede's Landing. At the end of his shift, at approximately 1:30 a.m., Officer Omunhundro ("Omunhundro") picked Bickl up. As they drove to the police station, Omun-hundro observed a suspicious van that he had seen earlier in the evening. He turned on his red lights and the van stopped in front of 1015 Locust. Both officers approached the van to question the driver. The driver did not comply with the officers' request. Omunhundro radioed for assistance and Sergeant Calloway ("Calloway") arrived.

The driver continued to disobey the officers' instructions. As a result, Bickl removed air from the van's tires, Calloway broke the passenger side window, and, as the driver drove away, Bickl attempted to Mace him. Omunhundro pursued the van, with Bickl as a passenger in the front seat. Calloway's vehicle followed Omunhundro and Bickl. The van proceeded west on Locust, south on Tucker, and then made a U-turn on the Tucker Street viaduct. The incident ended with the van stopping near 1462 Chouteau and the driver being shot and killed.

Bickl was charged with violation of Metropolitan Police Department – City of St. Louis Special Order 89–S–7 in that he failed to report the pursuit to the dispatcher.

Section C (2)(g) of the special order states, "Once a pursuit has been started, the primary unit (vehicle nearest to the pursued vehicle) shall announce the initiation of the chase and relay all pertinent information to the dispatcher."

After a hearing, the Board ruled Bickl violated the "pursuit policy" in that when the pursuit started at 1015 Locust, he was in the primary unit, and he failed to report the pursuit to the dispatcher. He was suspended for ten days without pay. Bickl appealed to the circuit court, which reversed the Board's decision finding the record did not contain any evidence of Bickl being in the "primary pursuit unit."

In its sole point on appeal, the Board alleges the circuit erred in reversing its decision because the record contains competent and substantial evidence that Bickl

was engaged in a pursuit and failed to follow Special Order 89–S–7. We agree.

On appeal, we review the decision of the Board, not that of the circuit court. *Trusler v. Tate,* 941 S.W.2d 794, 797 (Mo.App.1997). As a general rule there is a strong presumption favoring the validity of a decision by an administrative tribunal, and we are most reluctant to interfere with their findings. *Stoup v. Bd. of Trustees of Pension Fund,* 789 S.W.2d 221, 222 (Mo.App.1990). Our review is limited to determining whether the decision is in excess of jurisdiction, unsupported by competent and substantial evidence, or is arbitrary, capricious, or unreasonable. *Burgdorf v. Board of Police Com'rs,* 936 S.W.2d 227, 230 (Mo.App.1996).

We give due weight to the Board's expertise and its opportunity to observe the witnesses. *Trusler,* 941 S.W.2d at 797. If the evidence supports two contrary findings, we must uphold the Board's factual determination. *Id.* We may not substitute our judgment for that of the Board on matters of fact. *Kukuljan,* 871 S.W.2d at 120.

No one disputes that at some point during the incident, a pursuit ensued. The issue of contention is where the pursuit began. Bickl argues the pursuit did not begin until the driver made a U-turn on the Tucker Street viaduct, while the Board maintains that the pursuit began at 1015 Locust.

The testimony of all three officers established the driver had the following violations: (1) he did not have license plates on the van; (2) he failed to cooperate with the officers; and (3) he resisted arrest by flight.

The evidence was clear that the driver would be under arrest once he was apprehended. Omunhundro testified that as the driver left 1015 Locust, "... he took off, he, to me, he resisted arrest by leaving the scene because I told the man, you know, traffic violations is the same as an arrest." He further stated, "...I got to go after this guy." He also testified, "I wanted to pull the van over."

Bickl consistently testified he and Omunhundro would have arrested the driver after he drove away from 1015 Locust.

The Board, as a finder of fact, could determine from the evidence that the driver was evading arrest and that a pursuit was in progress because after the driver drove away from 1015 Locust, officers followed in their vehicles to apprehend him.

Bickl acknowledged his vehicle was nearest the van as they left 1015 Locust, proceeded west on Locust, and then south on Tucker, and Calloway testified his vehicle was behind Bickl's at that point. Calloway further testified that he did not take over as the lead vehicle until after the van made a U-turn on the Tucker Street viaduct.

Based upon this evidence, the Board could reasonably find that the Bickl vehicle was the primary pursuit unit responsible for announcing the chase and relaying all pertinent information to the dispatcher. Furthermore, Bickl does not dispute that he failed to do so. As a result, there was competent and substantial evidence to support the Board's conclusion. We reverse the trial court's decision and remand for the entry of an order reinstating the Board's decision.

LAWRENCE G. CRAHAN, J., and ROBERT E. CRIST, Sr. J., concur.